MONROIG, RECURRENTE, *v.* EL REGISTRADOR, RECURRIDO.

RECURSO gubernativo contra resolución del Registrador de la Propiedad de San Juan, Sección 2ª.

No. 145.—Resuelto en junio 24, 1913.

SERVIDUMBRES—SERVIDUMBRE DE FERROCARRIL A FAVOR DE UNA CENTRAL.—Constituye una servidumbre real y no personal aquella que se establece a favor del una central para que pueda establecer un ferrocarril para la conducción de cañas a la misma.

ID.—DESCRIPCIÓN DEL PREDIO DOMINANTE.—De acuerdo con el artículo 13 de la Ley Hipotecaria, para que pueda inscribirse una escritura de constitución de servidumbre real es necesario describir no sólo el predio sirviente sino también el predio dominante.

ACTA ACLARATORIA—DEFECTOS.—Denegada la inscripción de una escritura y presentada nuevamente ésta al registro acompañada de un acta aclaratoria para subsanar los defectos puestos por el registrador a la primera, puede éste en esta segunda presentación fundar la denegatoria de inscripción en defectos dirigidos contra el acta aclaratoria, cuando ésta no subsana los defectos que impidieron la inscripción del primer título.

SERVIDUMBRES—SEGREGACIONES DEL PREDIO SIRVIENTE.—No comete error el registrador que deniega la inscripción de la escritura de constitución de servidumbre real cuando del registro resulta que con posterioridad a la fecha de dicha constitución se han hecho segregaciones del predio sirviente que han sido inscritas a nombre de varias personas y no es posible apreciar si la servidumbre afectará o nó a dichas segregaciones.

ID.—ACTA ACLARATORIA SOBRE DESCRIPCIÓN DEL PREDIO DOMINANTE.—No es necesaria la intervención de la esposa de la parte contratante que compareció en un documento de constitución de servidumbre real a favor de una central, para otorgar otro documento que sólo tiene el alcance de describir el predio dominante.

ID.—DESCRIPCIÓN DEL PREDIO DOMINANTE—INTERVENCIÓN DE LOS DUEÑOS DEL PREDIO SIRVIENTE.—Los dueños del predio sirviente son partes necesarias en el otorgamiento de un acta aclaratoria que comprende la descripción del predio dominante para prestar su aquiescencia a la exactitud de la descripción, sobre todo cuando el predio dominante ha tenido alteraciones desde la fecha en que se constituyó la servidumbre.

ID.—DESCRIPCIÓN DEL PREDIO DOMINANTE—INTERVENCIÓN DE SUS DUEÑOS.—En la constitución de una servidumbre real es necesario que comparezcan todos los dueños del predio dominante cuando se crean obligaciones, para que presten su consentimiento.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Frank Antonsanti.*

El Registrador Sr. José A. Benedicto, compareció por escrito en nombre propio.

El Juez Asociado Sr. Aldrey emitió la opinión del tribunal.

En 19 de agosto de 1911 los esposos Parker, dueños de una finca denominada Río Hondo, radicada en Bayamón, constituyeron sobre ella a favor de Antonio Monroig Obrador, casado con Doña Consuelo Falbe, sus herederos, sucesores, representantes y cesionarios, el derecho de servidumbre perpetua de paso de ferrovía, para utilizar la cual, Monroig tendría el derecho de construir una vía férrea sobre una faja de terreno de cinco metros de ancho en esa finca, faja de terreno que fué descrita en la siguiente manera: "* * * partiendo del antiguo camino donde el mismo cruza la carretera de Comerío en dirección al sur en una extensión de trescientos pies; de aquí a una distancia no menos de cien pies de una ciénaga con rumbo al suroeste hasta encontrarse con las orillas del Río Hondo; y de aquí con rumbo oeste siguiendo el río hasta llegar a una ciénaga, cruzando aquél y ésta en dirección sur, hasta encontrarse con la colindancia de Luis Medina."

La servidumbre fué concedida por el precio de $100 recibidos de Monroig, siendo sus condiciones, que éste indemnizara a los esposos Parker, los daños y perjuicios que puedan sufrir en sus cañas por el arrastre y conducción de materiales para el establecimiento de la vía; que si en el futuro se construye un tranvía eléctrico o *trolley* que atraviese la finca paralelamente al camino de Comerío, consentirá Monroig en que tal vía cruce la del ferrocarril que se construye en la faja de terreno sobre la que se establece la servidumbre; que Monroig utilizará la vía con el fin de conducir cañas de azúcar de su propiedad o de sus colonos, así como el material rodante para el sostenimiento de la vía a la Central Juanita de Bayamón; y por último, que si Monroig o sus herederos, sucesores, cesionarios o representantes, dejaren de utilizar la servidumbre con el fin indicado, ésta quedará nula y el te-

rreno volverá a ser ocupado por el Señor Parker o sus sucesores en interés. Presentado ese documento al registro de la propiedad para su inscripción, fué denegada en 28 de septiembre de 1911, por el motivo de que, tratándose de una servidumbre predial, no se determina ni describe la finca dominante.

Posteriormente en 17 de diciembre de 1912 Antonio Monroig Obrador, también por ante notario, otorgó un acta en la que, después de hacer referencia al anterior documento, expuso que por un olvido involuntario no se había hecho la descripción del predio dominante en el antes mencionado documento, lo que hacía por el acta, y al efecto describió como tal la hacienda Central Juanita. Presentado nuevamente al registro el anterior documento y el acta aclaratoria, el registrador negó la inscripción, por los motivos que aparecen de la siguiente nota:

"Denegada la inscripción del precedente documento con vista del acta aclaratoria número 75, fecha 17 de diciembre de 1912, en que se describe la hacienda Central Juanita, como predio dominante, por los defectos insubsanables siguientes: Primero, porque desde la fecha de la escritura de constitución de servidumbre se han efectuado las segregaciones de varias parcelas de terreno de la finca 'Río Hondo,' inscritas a favor de diferentes personas, y no puede determinarse si la faja de terreno que constituye la servidumbre está en el resto de dicha finca que pertenece a Don Cornelio B. Parker, o en las parcelas segregadas pertenecientes e inscritas a favor de personas distintas del referido señor; segundo, porque en el acta aclaratoria no ha intervenido Doña Consuelo Falbe, esposa de Don Antonio Monroig, a favor del cual se constituyó la servidumbre; tercero, porque en la escritura aclaratoria en que se determina el predio dominante, no han intervenido los esposos Parker, cuya intervención es necesaria, tanto más cuanto que en la fecha en que se constituyó la servidumbre no existía la Central Juanita, tal como se la describe en el acta, puesto que fué formada en escritura de 16 de octubre de 1911; y cuarto, porque imponiéndose obligaciones al constituirse la servidumbre ha debido estar representada la Corporación Central Juanita; habiéndose extendido anotación preventiva, por el término legal, a folios 231 y 144 vuelto, tomos 30 y 41 de Bayamón, fincas 217 sextuplicado y 2001, anotaciones letras C. y A. San Juan, abril 29 de 1913."

Contra esta negativa ha interpuesto Antonio Monroig Obrador en tiempo oportuno, el presente recurso gubernativo, en el que solicita que sea revocada la expresada nota y que se ordene la inscripción del título presentado.

El primero de los argumentos aducidos por el recurrente en apoyo de su recurso es que como la servidumbre se constituyó a favor suyo mediante cierta consideración de dinero, no es requisito indispensable describir predio dominante alguno, por lo que la escritura de 19 de agosto de 1911 es inscribible, lo que equivale a decir que no se trata de una servidumbre predial, sino personal a favor de Antonio Monroig Obrador. Esta objeción hubiera podido hacerse cuando el registrador denegó la inscripción la primera vez que se presentó el título, toda vez que no lo inscribió fundándose únicamente en que se trataba de una servidumbre predial y que por tanto era necesaria la descripción del predio dominante, mas no ahora, después no sólo de haber sido consentida aquella resolución, sino también cuando la propia parte recurrente está dando la razón al registrador, toda vez que en el acta aclaratoria no sólo expresa que se olvidó de hacer la descripción del predio dominante, sino que determina cuál es éste. Pero aparte de todo esto, indudablemente se trata de una servidumbre predial, ya que en el título de constitución se consigna que será utilizada la servidumbre para llevar cañas a la Central Juanita, y del contexto del documento se llega a la conclusión de que la servidumbre se constituyó en provecho de dicha central, por cuya razón la servidumbre es real y no personal.

Siendo, pues, una servidumbre predial, es necesario no sólo la descripción del predio sirviente, como se hizo, sino también la del predio dominante, ya que, de acuerdo con el artículo 13 de la Ley Hipotecaria, la inscripción de toda servidumbre deberá hacerse en las hojas correspondientes a las dos fincas.

Dejando a un lado la alegación que hace el apelante de que los motivos de la negativa actual del registrador se fun-

dan todos en defectos dirigidos contra el acta aclaratoria y no contra el título, pues esto no resulta comprobado de la lectura de la nota recurrida, a más de que puede hacerse así si el acta contiene tales defectos que no subsanaban el título, entraremos a considerar los cuatro motivos que tuvo el registrador para denegar la inscripción, considerando conjuntamente los dos documentos presentados.

Cuando se han presentado últimamente los documentos para su inscripción, constaban en el registro varias segregaciones que del predio sirviente habían hecho sus dueños los esposos Parker y, como el artículo 20 de la Ley Hipotecaria impone al registrador el deber de negar la inscripción de un gravamen cuando resulta la finca inscrita a favor de persona distinta de la que la gravó, procedió correctamente el registrador al negar en este caso la inscripción de la servidumbre, ya que en la manera en que está descrita la faja de terreno sobre la que se constituye, no es posible que dicho funcionario pueda determinar si la porción restante a los esposos Parker es la que ha de soportarla, o si afectará también a las porciones segregadas, y ante el riesgo de lastimar derechos adquiridos por terceros, no debe verificarse la inscripción. *Díaz* v. *El Registrador de la Propiedad,* 16 D. P. R., 275.

El segundo motivo de la nota no es sostenible. No creemos como sostiene el registrador que el acta aclaratoria contenga una transmisión del derecho de servidumbre de Antonio Monroig Obrador a favor de la Central Juanita y que por ello se hace necesaria la intervención y consentimiento de la esposa de dicho señor. Tal acta es solamente una descripción que hace Monroig de la finca en cuyo favor se constituyó la servidumbre, y no contiene transmisión de derechos de servidumbre a favor de la Central Juanita, ya que siendo predial se había constituído a favor de tal finca y por consiguiente no es necesaria la intervención de la esposa en un documento que no tiene otro alcance que la descripción del predio dominante.

El tercer motivo de la negativa está ajustado a la ley. El

acta aclaratoria tenía por objeto describir el predio dominante y por consiguiente, los dueños de la finca sirviente deben prestar su aquiescencia a la exactitud de la descripción, siendo más necesario en este caso cuanto que, según el registrador, en la fecha de la constitución de la servidumbre no existía la Central Juanita en la forma que se describe en el acta aclaratoria, y porque siendo la servidumbre un gravamen impuesto por el dueño de una finca en beneficio del propietario de otra, debe concurrir la voluntad de las dos partes en la determinación de las fincas.

También creemos sostenible el cuarto y último motivo de la nota, porque constituída la servidumbre en favor de la Central Juanita como predio dominante, adquirió ésta por el contrato obligaciones para las cuales los dueños de dicha Central no han prestado su consentimiento, lo que constituye un defecto insubsanable.

Por las razones expuestas debe confirmarse la nota recurrida menos en el segundo de sus motivos, que debe ser revocado.

*Confirmada en parte.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, y del Toro.

El Juez Asociado Sr. Wolf disintió.