ENRIQUE LÓPEZ DELGADO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 885.—*Sometido:* Febrero 10, 1933. *Resuelto:* Abril 19, 1933.

*R. del Toro Soler,* abogado del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Este recurso ha sido interpuesto por haberse negado el Registrador de la Propiedad de San Germán a cancelar una inscripción de servidumbre que aparece en sus libros. .

Siendo dueño Julio P.. Castro Gravenhorst de una finca de cuarenta cuerdas de terreno segregó de ella y vendió en el año 1893 a Zenón Montalvo Avilés una parcela de trece cuerdas. Al ser inscrita esa escritura de venta en el registro a favor de Montalvo, se hizo constar lo siguiente:

"Habiéndose convenido que el Sr. Castro podrá seguir utilizando y sirviéndose del camino que da paso por dentro del mismo terreno que se vende al Sr. Montalvo, quien consiente y reconoce ese derecho o servidumbre al vendedor. En su virtud don Zenón Montalvo y Avilés inscribe su título de compra con la servidumbre de paso mencionada."

Montalvo agrupó después esa parcela a otra finca de mayor cabida de su propiedad y en 1924 segregó dichas trece cuerdas y las vendió a Enrique López Delgado, a cuyo nombre constan inscritas en el registro. En noviembre de 1932 López Delgado solicitó por escrito del registrador que cancelase la mencionada servidumbre de paso fundándose en que, según los documentos que le presentaba, Julio P. Castro Gravenhorst había renunciado a ella y en que dicho señor había fallecido. Esos documentos son, uno privado firmado por Julio P. Castro ante notario en el que renunció expresamente a esa servidumbre; y el otro es una certificación del Registro Civil de Mayagüez creditiva de haber fallecido dicho Sr. Castro. El registrador se negó a cancelar la servidumbre.

Los motivos de la negativa constan en una extensa nota que puede resumirse así: porque tratándose de una servidumbre constituída en 1893 el derecho adquirido e inscrito hay que resolverlo de acuerdo con el Código Civil entonces vigente: porque se trata de una servidumbre real y no personal según el título de su constitución: porque dicha servidumbre se·la quiere considerar como personal a pesar de que en el Código Civil entonces vigente no existían servidumbres

de esa clase: porque habiéndose constituído la servidumbre en escritura pública su renuncia debe hacerse constar también en escritura pública: porque el documento privado en que consta la renuncia no es admisible para los efectos del registro, según el artículo 2, inciso segundo, y el artículo 3 de la Ley Hipotecaria. Cita la sentencia del Tribunal Supremo de España de 4 de julio de 1899 en materia de servidumbres, pero no tiene relación con el caso presente.

La diferencia fundamental en este caso entre el registrador y el recurrente es que el primero sostiene que la servidumbre que está inscrita en el registro es real mientras que para el segundo es personal.

■ El Código vigente cuando la servidumbre objeto de este recurso fué constituída, disponía lo siguiente:

"Art. 530.—La servidumbre es un gravamen impuesto sobre un inmueble en beneficio de otro perteneciente a distinto dueño.

"El inmueble a cuyo favor está constituída la servidumbre se llama predio dominante; el que la sufre, predio sirviente.

"Art. 531.—También pueden establecerse servidumbres en provecho de una o más personas, o de una comunidad, a quienes no pertenezca la finca gravada."

Aunque se ha escrito mucho por los comentaristas del Código Civil español, del que procedía el código que aquí regía en 1893, con muy escasas modificaciones, y también por los de códigos similares al español de otras naciones sobre si existen servidumbres personales y si las así llamadas son meros derechos o gravámenes sobre la finca de otra persona como ocurre con la hipoteca y si los derechos de usufructo, uso y habitación son o no servidumbres personales, entendemos que habiendo declarado el artículo 531 citado que pueden establecerse servidumbres en provecho de una o más personas o de una comunidad a quienes no pertenezca la finca gravada, hay que llegar forzosamente a la conclusión de que cuando fué constituída la servidumbre en el presente caso podía el comprador Montalvo constituir servidumbre personal de paso a favor del vendedor Castro. Sentado lo que

precede se hace necesario examinar lo que consta en el registro para concluir si se trata de una servidumbre real predial o si es personal.

■ La constancia que de ella aparece del registro no demuestra una servidumbre de paso por el predio vendido de trece cuerdas a favor del resto de la finca de donde fueron segregadas ni a favor de ninguna otra. No se sabe por él que haya un predio dominante a favor del cual la servidumbre se haya constituído. Por el contrario, lo que de ella resulta es que el comprador consintió en que el Sr. Castro siguiera utilizando y sirviéndose del camino que atraviesa la finca de trece cuerdas y que el comprador consintió y reconoció ese derecho o servidumbre al vendedor. Si a lo dicho agregamos que cuando se trata de determinar si una servidumbre es predial o personal debe tenerse presente en la interpretación de la cláusula que la contiene que la ley favorece la libertad de las tierras y también que cuando se vende alguna finca reservándose el vendedor derecho en ella cualquier duda en cuanto a tal reserva debe resolverse en contra de tal limitación del dominio, tenemos que llegar a la conclusión de que la servidumbre que aparece en el registro es personal y no real.

■ ■ Tratándose, pues, de una servidumbre personal constituída a favor del Sr. Castro tal derecho se extinguía con su vida y no es transmisible a sus herederos por ser un derecho personalísimo. *La Iglesia Católica* v. *El Pueblo,* 11 D.P.R. 478; Manresa, Comentarios al Código Civil, tomo 5, p. 322. En consecuencia, habiéndose acreditado en el registro con documento auténtico la muerte de Julio P. Castro Gravenhorst, su derecho quedó extinguido y la inscripción que produjo debe ser cancelada de acuerdo con los artículos 78, 79, No. segundo, y 82 de la Ley Hipotecaria, según quedaron enmendados los dos últimos en 1923, páginas 213 y 219.

Extinguida así la servidumbre inscrita, huelga resolver si

el documento en que consta la renuncia es admisible o no en el registro.

*La resolución recurrida debe ser revocada y ordenarse la cancelación interesada.*