FÉLIX DEL LLANO & CÍA., demandante y apelante, *v.* PLAZUELA SUGAR CO., INC., demandada y apelada.

Núm. 7771.—*Sometido:* Junio 13, 1939. *Resuelto:* Noviembre 15, 1939.

*E. Pérez Casalduc,* abogado de la apelante; *G. Zeno Sama,* abogado de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Félix del Llano y Compañía, una sociedad civil, demandó a la corporación Plazuela Sugar Co., Inc., alegando ser dueña y estar en posesión de una parcela de terreno situada en el barrio de Garrochales del término municipal de Barceloneta compuesta de sesenta y tres cuerdas a pastos y frutos, con casa y en lindes por el norte con Flora Medina, por el sur con la demandada, por el este con Pascasia López y por el oeste con la Sucesión de Francisco Aguirre.

Alegó seguidamente que la demandada es dueña de una fábrica de azúcar y con .el propósito de conducir cañas a su factoría ha construído vías de ferrocarril una de las cuales atraviesa la finca de la demandante, sin que ésta ni persona alguna autorizada hubieren prestado su consentimiento para la constitución de la servidumbre de paso que ello implica, servidumbre cuyo valor asciende a más de mil dólares.

Y alegó por último haber requerido a la demandada para que levante la vía, habiendo obtenido una respuesta negativa, motivo por el cual acude a la corte en solicitud de una sentencia que ordene dicho levantamiento, con las costas, gastos y honorarios de abogado.

Emplazada la demandada contestó negando general y específicamente todas las alegaciones de la demanda y alegando además, como defensa especial, en resumen, lo que sigue:

Que en mayo 21, 1909, don Sotero Maisonet y su esposa, dueños entonces de la finca descrita en la demanda, le con-

cedieron el derecho a tender la vía de que se trata para el tránsito de su ferrocarril por tiempo indefinido y desde esa fecha ha venido en posesión y uso constante de la indicada servidumbre de ferrovía;

Que de acuerdo con la concesión la demandada de buena fe construyó su vía férrea de carácter permanente, sin ser obstaculizada por nadie en ningún tiempo en el disfrute de la misma, constando su existencia a la demandante no sólo por estar enterados de ello sus gerentes y representantes si que por la vista de los rieles y carriles tendidos sobre la finca desde hace más de veinte años, motivo por el cual la demandante no tiene el carácter de tercero;

Que en junio 20, 1930, Isidoro Maisonet, condueño entonces de la finca descrita en la demanda, hipotecó su condominio a favor de la demandante para garantizar el pago de un mil quinientos dólares, constándole a la demandante al otorgarse la escritura la existencia de la servidumbre;

Que en subasta celebrada en la Colecturía de Rentas Internas de Barceloneta en enero 27, 1933, se adjudicó la finca de referencia a José E. Díaz, que ha sido siempre abogado de la demandante, por cincuenta y cuatro dólares y cuarenta y seis centavos, notificándose la venta a Félix del Llano, acreedor hipotecario y gestor de la demandante, quien eso no obstante, no utilizó el derecho de redención, consintiendo en que la adjudicación a Díaz quedara firme, apareciendo luego Díaz vendiendo la finca a la demandante, y que tanto Díaz como del Llano tenían pleno conocimiento de la servidumbre constituída a favor de la demandada por espacio de más de veinte y cinco años no teniendo el vendedor ni el comprador el carácter de terceros.

Trabada así la contienda, fué el pleito a juicio, quedando resuelto finalmente por opinión y sentencia de la corte de distrito de diciembre 23, 1937, en los siguientes términos:

"Resultando de la evidencia que la corporación demandada adquirió de Sotero Maisonet por escritura de 21 de mayo de 1909 un derecho de servidumbre sobre finca de 63 cuerdas que se describe en

la demanda, cuyo inmueble fué después objeto de subasta en la Colecturía de Rentas a favor de José Díaz, quien traspasó su título a la compañía demandante;

"Resultando que desde el 21 de mayo de 1909 hasta la fecha de la demanda tal derecho de servidumbre se ha poseído y gozado, y se goza actualmente, sin interrupción alguna por la parte demandada, con una vía fija de ferrocarril enclavada en dicha finca, en forma ostensible, por la cual pasan trenes de la referida corporación para los fines comerciales de su industria;

"Considerando, que si bien la escritura de servidumbre no estaba inscrita al tiempo de rematarse la finca por José Díaz ni a la fecha de traspasarla este último a la parte demandante, aparece, no obstante, de la certificación del Registro presentada por la demandada, que ésta no fué notificada de tal subasta, y aún en el caso de haberlo sido, la servidumbre, por su naturaleza de carga especial inseparable del fundo, no quedaba extinguida por la venta efectuada por el Colector, ni puede la parte demandante considerarse tercero para negarla, por el carácter público y ostensible de la carga, impuesta por escritura pública al inmueble adquirido por él, y en fecha anterior a su compra;

"Considerando, que la demandante no alegó ni probó extremo alguno sobre nulidad del título de la demandada, siendo ahora improcedentes los puntos que suscita en su alegato sobre supuestos defectos de la escritura de servidumbre, no apareciendo de la faz de dicho documento motivo alguno para declarar su ineficacia;

"POR TANTO, se declara sin lugar la demanda con las costas a la parte demandante, incluyendo cien dólares para honorarios de abogado."

No conforme la demandante interpuso el presente recurso de apelación. Imputa a la corte sentenciadora cuatro errores cometidos a su juicio 1, al admitir en evidencia la escritura de mayo 21, 1909, otorgada ante el notario público E. Fernández Vanga, 2, al considerar dicha escritura como título suficiente para adquirir la servidumbre en cuestión, 3, al no declarar que el certificado de venta expedido por el Colector de Rentas Internas de Barceloneta constituya título absoluto de propiedad de la finca en litigio, libre de gravámenes, y 4, al condenar a la demandante al pago de honorarios de abogado.

■ Los dos primeros errores se discuten en el alegato conjuntamente. Seguiremos el mismo método.

Cuando se presentó por la parte demandada la escritura de constitución de servidumbre de que se trata, la parte demandante se opuso en primer lugar porque el documento no estaba inscrito en el registro, en segundo porque la demandada no aceptó la escritura y en tercero porque el notario afirmaba solamente haber signado el documento.

La Corte admitió el documento desestimando la oposición por las siguientes razones:

"... En cuanto al primer motivo la Corte entiende que va contra el peso de la evidencia y no en contra de la admisibilidad de la misma. En cuanto al segundo motivo la Corte entiende, que siendo un documento otorgado a favor de Plazuela Sugar Co. pudo otorgarse sin necesidad de que estuviera un funcionario de la corporación presente en el momento del otorgamiento y en cuanto al tercer motivo, la Corte encuentra, que dice, signado, y después hay dos rayas y entonces dice, E. Fernández Vanga. La Corte interpreta que las palabras E. Fernández Vanga equivale a la firma y la palabra 'signado' significa que la escritura estuvo signada.'

Argumentando su primer motivo de oposición invoca la apelante el artículo 389 de la Ley Hipotecaria que ordena que:

"Desde que empiece a regir esta ley no se admitirá en los Juzgados y Tribunales ordinarios y especiales, en los Consejos y en las oficinas del Gobierno, ningún documento o escritura de que no se haya tomado razón en el Registro por el cual se constituyeren, transmitieren, reconocieren, modificaren o extinguieren derechos sujetos a inscripción, según la misma ley, si el objeto de la presentación fuese hacer efectivo en perjuicio de tercero el derecho que debió ser inscrito.

"No obstante lo dispuesto en el párrafo anterior, podrá admitirse en perjuicio de tercero el documento no inscrito y que debió serlo, si el objeto de la presentación fuese únicamente corroborar otro título posterior que hubiese sido inscrito.

"También podrá admitirse el expresado documento cuando se presente para pedir la declaración de nulidad y consiguiente cancelación de algún asiento que impida verificar la inscripción de aquel documento.''

Bajo las circunstancias concurrentes no erró la corte de distrito al admitir en evidencia el documento no obstante su falta de inscripción, ya que esas circunstancias tendían a demostrar que en el demandante no concurría la condición de tercero de acuerdo con lo resuelto por esta Corte Suprema en *Colón* v. *Plazuela Sugar Co.*, 47 D.P.R. 871, aplicando la jurisprudencia española y la americana.

■ Tampoco erró al desestimar la oposición basada en la falta de aceptación de la escritura por parte de la Plazuela Sugar Co.

De la escritura resulta que ante el notario comparecieron personalmente los dueños de la finca sobre la cual se impuso la servidumbre de vía de una parte y de la otra Julio Rodríguez y Espino como Superintendente de los Ferrocarriles de la Plazuela Sugar Company. No se demostró que ésta impugnara la actuación de su se dicente representante; al contrario, lo que demuestran los autos es que la ratificó; y siendo ello así, hubiera ido la corte en contra de la realidad de los hechos si hubiera declarado con lugar la oposición de la demandante.

■ Y por último tampoco erró la corte al interpretar el documento como demostrativo de la existencia de la firma del notario, constando como constaba en él su nombre. Y bien puede extenderse esa interpretación a la de que el nombre incluye firma y rúbrica.

■ Puesto por el notario su nombre como su firma y rúbrica y signado el documento que es la característica adicional especial exigida por la ley, válido es el documento. Y siendo válido, título suficiente es para la constitución de la servidumbre que niega la demandante, como puede colegirse de lo pactado en sus cláusulas tercera y cuarta, a saber:

"TERCERO.—Que Don Tomás Rosado y Don Sotero Maisonet, con el consentimiento de su esposa la señora compareciente, que de haber sido concedido, yo el Notario doy fe, han convenido con Don

Julio Rodríguez y Espino, con la representación que ostenta, en autorizar a la 'PLAZUELA SUGAR COMPANY', para tender vías fijas de hierro para el tránsito de sus locomotoras y wagones en todos los trabajos de dicha compañía y llevando a cabo lo convenido AUTORIZAN a la Plazuela Sugar Company, para tender por las descritas fincas, vías fijas de hierro para el tránsito de ferrocarriles, concediéndole al efecto durante el período de tiempo que la Plazuela quiera usarla, una franja de terreno de dichas fincas en todo su largo y con un ancho mínimo de cinco metros; autorizando asimismo a la PLAZUELA SUGAR COMPANY, para que lleve a cabo en dichas fincas los trabajos necesarios para la erección, explotación y mantenimiento de dicha vía.

''CUARTO.—Esta concesión y autorización la llevan a cabo los tres primeros comparecientes a favor de la PLAZUELA SUGAR COMPANY, por la suma de UN DOLLAR, cada uno, sumas que confiesan recibidas respectivamente, antes de este acto y a su satisfacción, y por las cuales le otorgan carta de pago en forma, obligándose a respetar y hacer que se respete la obligación que contraen; y queriendo y consintiendo que, una vez que el Señor Rosado, inscriba a su nombre en el Registro de la Propiedad, su finca, se inscriba también y se haga constar esta autorización y concesión en cuanto a su finca; y queriendo y consintiendo el Señor Maisonet y su esposa, que también se inscriba esta autorización y concesión en cuanto a la finca descrita del Señor Maisonet.''

La cuestión suscitada en el tercer señalamiento de error quedó resuelta en contra de la apelante por esta propia Corte Suprema en el citado caso de *Colón* v. *Plazuela*, supra.

Pretende la demandante que por el hecho de haber adquirido su antecesor la finca de que se trata en venta celebrada por el colector para el cobro de contribuciones y haberle dicho colector expedido un certificado libre de gravámenes que se inscribió en el registro, quedó extinguida de raíz la servidumbre.

Dejando a un lado las circunstancias que concurren en la dicha adquisición y el subsiguiente traspaso y yendo directamente a la cuestión fundamental suscitada, diremos que no existe la extinción.

En la opinión de la corte emitida por su Juez Asociado Sr. Córdova Dávila en el repetido caso de *Colón* v. *Plazuela Sugar Co.*, supra, se dice a ese efecto lo que sigue:

"En los motivos de error décimo y undécimo se dice que la corte inferior erró al resolver que Plazuela Sugar Co. debió ser notificada de la venta hecha por El Pueblo de Puerto Rico y al declarar que las palabras 'libre de toda hipoteca, carga o cualquier otro gravamen' del artículo 347 del Código Político no comprenden las servidumbres. Con respecto a este último particular, la corte inferior se expresa así:

" ' . . . . entendemos que las palabras *carga* o *gravamen* tal como son usadas en esta ley, se refieren más bien a las deudas de cualquier índole que pudieran pesar sobre la finca, v.g. hipotecas, embargos y otras de ese género, que no a cargas reales tangibles, como son las servidumbres. Las primeras son fáciles de liberar, ya que no afectando directamente al fundo, con el simple pago de las mismas quedan canceladas. Con las segundas no sucede igual, porque las servidumbres son inseparables de la finca a que activa o pasivamente pertenezcan. Art. 470 Código Civil, edición de 1930. Disponiéndose, también, por el artículo 471 que las servidumbres son indivisibles y si el predio sirviente se divide entre dos o más, la servidumbre no se modifica y cada uno de ellos tiene que tolerarla en la parte que le corresponda.'

"Las decisiones de los tribunales americanos no están conformes con respecto a la suerte que ha de correr una servidumbre cuando se vende una propiedad inmueble para el pago de contribuciones. Algunas cortes mantienen el criterio de que la servidumbre queda extinguida, mientras otras, que constituyen la mayoría, sostienen una opinión contraria. La Corte de Apelaciones de Nueva York, en el caso de *Tax Lien Co.* v. *Schultze*, 213 N. Y. 9, se expresa así:

" 'Cuando se impone una servidumbre sobre un predio en beneficio de otro, se reduce el valor en el mercado del predio sirviente y se aumenta el del predio dominante, prácticamente de acuerdo con el valor de la servidumbre; los respectivos predios deben, por consiguiente, ser tasados de conformidad. (Citas.)

" 'La tasación del solar descrito en la sentencia no incluía las servidumbres de que disfrutaba la propiedad contigua. La tasación del predio sirviente estaba sujeta a las servidumbres incluídas en las tasaciones del predio dominante. Como consecuencia lógica se

ha resuelto que al ejecutarse un gravamen contributivo y al venderse la finca de conformidad con los artículos 1035 al 1039 de la franquicia de la gran urbe neoyorquina, las servidumbres particulares de luces y vistas existentes sobre los terrenos vendidos no quedan extinguidas. Si los derechos de propiedad no incluídos en una tasación son vendidos o extinguidos mediante una venta celebrada en cobro de contribuciones, ello equivaldría a privar de la propiedad sin el debido proceso de ley. *Jackson* v. *Smith,* 153 App. Div. 724, 138 N. Y. Supp. 654, confirmado en 213 N. Y. 630, 107 N. E. 1079.'

Éste parece ser el criterio más acertado y el que prevalece entre los tribunales que sostienen la no extinción de la servidumbre cuando se ejecuta la finca para el pago de contribuciones. Si el inmueble es objeto de una servidumbre, es natural que la carga que pesa sobre el mismo disminuya su valor, así como también debe aumentar el valor del predio dominante que recibe el beneficio de la servidumbre.

"En el caso de *Blenis* v. *Utica Knitting Co.,* 149 App. Div. 936, confirmado por la Corte de Apelaciones de Nueva York, la corte se expresó· así:

" 'Los estatutos refiriéndose a ventas para el pago de contribuciones en el Condado de Oneida que disponen que el comprador en tales ventas obtendrá un título absoluto libre de toda carga, no pueden, en mi opinión, ir más allá que investir al comprador con el título que el dueño de la propiedad tenía, libre de *liens by the way of encumbrances placed thereon.* En otras palabras, no puede despojarse a una parte, situada como el demandante en este caso, de derechos de propiedad tales como una servidumbre legalmente adquirida con anterioridad a la imposición de la contribución bajo la cual la venta fué hecha; y esto especialmente cuando la persona dueña de la servidumbre no fué parte en el procedimiento.'

"Opinamos, como la corte inferior, que el título adquirido por el demandante en virtud de la venta de la propiedad realizada por El Pueblo de Puerto Rico no libera la referida propiedad de la servidumbre que sobre la misma pesa." 47 D.P.R. 871, 881.

█ Habiendo llegado a las anteriores conclusiones y como no se nos ha convencido de que la corte abusara de su discreción al imponer a la demandante el pago de los honorarios de abogado de la demandada y al fijarlos en cien dólares,

*debemos declarar no haber lugar al recurso, quedando en su*
*consecuencia confirmada la sentencia recurrida.*

El Juez Asociado Sr. Wolf disintió.*