Manuel Guzmán Rodríguez, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Segunda, recurrido.

Núm. 1065.—*Sometido:* Abril 7, 1940. *Resuelto:* Julio 11, 1940.

*Mariano Acosta Velarde* y *Federico Acosta Velarde,* abogados del recurrente; el registrador recurrido compareció por escrito; *Monserrat, De la Haba & Monserrat,* abogados de la Central San José, Inc., sucesora ésta por compra de la factoría y fundo de lo que fué la Central Vannina, Inc., como *amicus curiae.*

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Manuel Guzmán Rodríguez, en unión a su esposa, es dueño de una finca en Río Piedras cuya descripción es la siguiente:

"Rústica: Compuesta de treinta y cinco cuerdas, equivalentes a trece hectáreas, setenta y cinco áreas y sesenta y cuatro centiáreas, radicada en el barrio Monacillo, del término municipal de Río Piedras, colindante por el Norte y Este con Manuel Calderón antes, y hoy con doña Ramona Muñoz de Alonso; por el Sur, con la Central Vannina Incorporada y la carretera Central; y por el

Oeste, con la Central Vannina Incorporada y el camino vecinal que de la carretera central conduce a Guaynabo.''

De la séptima inscripción de dicha finca se desprende que anteriores dueños de la misma la cedieron por escritura en arrendamiento a la corporación Central Vannina por un período de once años ocho meses (comenzando el 4 de noviembre de 1910) y en unión al arrendamiento concedieron a la corporación arrendataria una servidumbre que describen así:

''. . . se concedió a la corporación Central Vannina a perpetuidad el derecho de entrar, pasar y salir por los terrenos de la misma finca, construyendo la corporación arrendataria para utilizar este derecho de paso, una vía férrea permanente, más dos desvíos, con sus correspondientes pasos a nivel, estipulándose expresamente que el contrato de arrendamiento con la concesión de entrada, salida y paso por la finca una vez inscrito en el Registro de la Propiedad, surtirá efecto de derecho real como carga impuesta a la finca y obligatoria para sus posteriores adquirentes. . . .''

En 24 de marzo de 1939 la Central Vannina fué voluntariamente disuelta. Los anteriores hechos sirven substancialmente de introducción a una petición para que se cancele la servidumbre. El peticionario se funda en varios artículos de la Ley Hipotecaria, tal cual fueron enmendados en 1936 y 1923.

El Registrador de la Propiedad de San Juan, Sección Segunda, rehusó la cancelación, según se desprende de la siguiente nota:

''DENEGADA la cancelación que se interesa en el presente escrito: *Primero:* porque no se trata de una servidumbre personal sino predial (19 D.P.R. 823), según se expresa en la propia solicitud y en la inscripción séptima cuya cancelación se pretende, en la que se consigna textualmente que 'los arrendadores conceden a la corporación arrendataria, a perpetuidad, el derecho de entrar, pasar y salir por los terrenos de la misma finca, construyendo la corporación Central Vannina, para utilizar esta servidumbre, una vía férrea permanente que ocupará el terreno que sea necesario para la vía y paso de trenes, en la que como condición de la servidumbre ha de dejar dos pasos a nivel, y hacer en la finca uno o dos desvíos de largo suficiente para dos o tres vagones, para uso de sus pro-

pietarios o posteriores arrendatarios, así como también es su condición que una vez vencido el arrendamiento de la finca si no se prorrogase, la Central Vannina aceptará y molerá previo contrato, las cañas que se cultiven en la finca, con las mismas condiciones con que acepte y muela las del colono más favorecido. La corporación arrendataria concedió a don José Martínez Llonín todo el tiempo que restaba del mes del otorgamiento para que dispusiera y sacara el ganado que tenía dentro de la finca arrendada, sin que esta concesión disminuyera el canon del arrendamiento, que ha empezado a correr desde el día primero. El contrato de arrendamiento con la concesión de entrada, salida y paso por la finca, y sus demás pactos, una vez inscrito en el Registro de la Propiedad, surtirá efectos de derecho real como carga impuesta a la finca y obligatoria para sus posteriores adquirentes.' *Segundo:* porque el derecho que los solicitantes califican de paso de vía férrea por la finca para entrar y salir por los terrenos de la misma, no es otra cosa que una verdadera servidumbre de paso, constituída de modo permanente y, ni la ley número 12, de 1923 ((2) pág. 37), ni la del 1924 (Ley núm. 12, pág. 109), ni ninguna otra, establecen que 'por instancia escrita de parte o de su representante, autenticada ante notario', proceda cancelar derecho real alguno que no sea fianza hipotecaria para garantizar el ejercicio de cargos públicos a favor del Estado, si tuvieren más de veinte años de constituídas, o de vencidas si se hubiese fijado plazo para su cumplimiento. *Tercero:* porque el hecho de la disolución de la corporación arrendataria no puede privar a su sucesora (si alguna ha tenido) del derecho de paso de vía férrea que su antecesora construyera para paso de trenes. *Cuarto:* porque no se acredita, en modo alguno, que haya dejado de utilizarse esa vía férrea por más de veinte años, que es uno de los medios de extinguirse las servidumbres, según el artículo 553 del Código Civil, a pesar de haberse constituído en 1910. *Quinto:* porque las servidumbres son inseparables de la finca a que activa o pasivamente pertenecen (artículo 541 del Código Civil). *Sexto:* porque por la penúltima inscripción de la finca de que se trata, el propio solicitante la arrienda a Central Vannina, Incorporated, por diez años, a contar del 20 de octubre de 1937, fecha del contrato, y nada se dice acerca del derecho de paso de vía férrea. *Séptimo:* porque ni aun por la venta por falta de pago de las contribuciones se extinguen las servidumbres como acaba de resolver la Honorable Corte Suprema en el caso *Félix Del Llano & Cía* v. *Plazuela Sugar Company* (55 D.P.R. 583) y en el de *Colón* v. *Plazuela Sugar Co.*

(47 D.P.R. 871), caso exactamente igual al de que nos ocupa y es más la servidumbre había sido constituída originalmente por permiso verbal y concedió el derecho al uso a perpetuidad para establecer, fijar y empotrar una línea férrea, mantenerla y explotarla con el material rodante necesario. *Octavo:* porque en el caso que citan los distinguidos compañeros en su solicitud (44 D.P.R. 897) se trataba de una servidumbre personal y se extinguió con la muerte del favorecido por la misma. *Noveno:* porque en el caso 19 D.P.R. 823, que también se cita, declara la corte que constituye una servidumbre real y no personal la que se establece a favor de una central para que pueda construir un ferrocarril para la conducción de cañas a la misma y es precisamente la que se pretende cancelar ahora. *Décimo:* porque el Registrador no está facultado para cancelar las constancias del registro sino por providencia ejecutoria o por escritura pública o documento auténtico en el cual exprese su consentimiento para la cancelación la persona a cuyo favor se hubiere hecho la inscripción. Sostener lo contrario equivaldría a resolver que una persona puede ser privada de sus derechos a propiedades sin el debido proceso de ley (Resolución de 18 enero 1940, *Del Toro* v. *El Registrador,* [55 D.P.R. 912] recurso gubernativo número 1,050.) *Undécimo:* porque la solicitud debe ser autenticada ante Notario según el disponiéndose de la sección (*a*) de la Ley 12 de 1924 y es ése un requisito esencial para poder cancelar los gravámenes que la misma ley autoriza.

"Se ha tomado en este caso anotación preventiva por el término de ciento veinte días a favor de Manuel Guzmán Rodríguez al folio 69, del tomo 123 de Río Piedras, finca número quinientos seis octuplicado, anotación G. San Juan, P. R., a 19 de febrero de 1940. (fdo.) Emigdio S. Ginorio, Registrador."

Manuel Guzmán Rodríguez recurrió. El 11 de marzo de 1940 el registrador contestó. El recurrente replicó unos días más tarde. El 16 de marzo de 1940 los licenciados Monserrat, De la Haba & Monserrat, como abogados de la corporación Central San José, Inc., solicitaron permiso para intervenir como *amicus curiae.* La petición, entre otras cosas, dice lo siguiente:

"Que Central San José, Inc. es la sucesora por compra de la factoría y fundo de lo que fué de Central Vannina, Inc., siendo este predio el que se sirve de la servidumbre de paso para transporte de cañas mediante ferrovías, sobre la finca propiedad del recurrente."

Dicho permiso les fué concedido. El alegato del *amicus curiae* fué presentado y en abril 7, 1940, el peticionario radicó un alegato de réplica.

El recurrente insiste en que la servidumbre en este caso es personal y no predial; que era personal a la Central Vannina Corporation; que expiró al dejar de existir la Central Vannina, de no haberse extinguido al expirar el arrendamiento. El registrador demuestra que hubo una renovación del contrato de arrendamiento en el 1937 por un término de diez años, de suerte que el argumento principal es si el derecho de servidumbre expiró al dejar de existir la corporación.

De la nota del registrador es evidente que se plantean muchas cuestiones. Tal vez él esté en lo cierto en todos o en muchos de los argumentos aducidos, al igual que el *amicus curiae*. Estamos convencidos de que esta inscripción no debe ser cancelada mediante una mera petición a ese efecto presentada por el dueño del terreno, y sin la aquiescencia de la persona o personas que pudieran alegar que tienen interés al presente en que se mantenga la supuesta servidumbre. Estas cuestiones deben ser resueltas en un juicio plenario.

Como este motivo resalta prominentemente y es a nuestro juicio uno fundamental, no creemos necesario resolver las otras cuestiones presentadas, y *la nota del registrador debe ser confirmada.*