### JACKSON v. SMITH et al. (CITY OF NEW YORK, Intervener).

(Supreme Court, Appellate Division, First Department. December 6, 1912.)

**1. TAXATION (§ 732*)—TAX SALE—EASEMENTS.**

The easements of adjoining owners, of light, air, and access, were not extinguished by a tax sale of the burdened premises, though such owners were parties to the tax foreclosure suit, where the value of the easements are excluded from the assessed valuation of the property; it being essential that the property conveyed and the property assessed be the same.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1465–1468; Dec. Dig. § 732.*]

**2. TAXATION (§ 348*)—ASSESSMENT—ESTATES.**

The servient estate must be assessed for taxation at its value subject to the easements, and the dominant estate at its value with the easements.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 584–589; Dec. Dig. § 348.*]

**3. TAXATION (§ 505*)—LIEN—VALIDITY.**

A valid tax assessment with notice is essential to a valid tax lien.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 935; Dec. Dig. § 505.*]

**4. EASEMENTS (§ 1*)—DEFINITION.**

An "easement" is a servitude upon, and differs from an interest in, or lien upon, the land. It is not a part of, but is so much carved out of, the estate in the land, and is as much a thing apart from such an estate as a parcel of the land itself conveyed from it.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 1, 2, 5–7; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 3, pp. 2305–2311; vol. 8, pp. 7646, 7647.]

Appeal from Trial Term, New York County.

Action by Isidore Jackson against John R. Smith and others, in which the City of New York intervened. From the judgment, defendants John R. Smith and Clarence P. Smith appeal. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Richmond Weed, of New York City, for appellants.

Abraham Stern, of New York City, for respondent.

Curtis A. Peters, of New York City, for intervener.

MILLER, J. This is an action to foreclose a tax lien, pursuant to section 1035 et seq. of the Greater New York Charter (Laws 1901, c. 466), as amended by chapter 490, Laws of 1908. The appellants are

_____

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

owners of adjoining premises to those under foreclosure, and as such have private easements of light, air, and access over the latter, which rights were created by deed and have been established by judicial decision. Smith v. Smith, 120 App. Div. 278, 104 N. Y. Supp. 1106; Id., 193 N. Y. 667, 87 N. E. 1127. The appellants claim to be aggrieved by the provision of the judgment which adjudges that the tax lien is "superior to and not subject to any claim, easement, charge, incumbrance, or interest of any kind, claimed, owned, or existing in favor of" them.

[1, 2] The appeal presents the interesting question whether easements are extinguised by a tax sale of the premises burdened by them. It is settled that the servient estate must be assessed at its value subject to the easements, and the dominant estate at its value with the easements. People ex rel. Poor v. Wells, 139 App. Div. 83, 124 N. Y. Supp. 36; Id., 200 N. Y. 518, 93 N. E. 1129; People ex rel. Topping v. Purdy, 143 App. Div. 389, 128 N. Y. Supp. 569; Id., 202 N. Y. 550, 95 N. E. 1137; Matter of Hall, 116 App. Div. 729, 102 N. Y. Supp. 5; Id., 189 N. Y. 552, 82 N. E. 1127. It has been said by the Court of Appeals that:

"One who purchases land at a tax sale must take all the easements and incidents attached or pertaining to the land." Smith v. Mayor, 68 N. Y. 552, 557.

And it has recently been decided by this court in the Fourth Department that a tax sale of land burdened by easements, lawfully acquired prior to the levying of the tax under which the sale was made, does not extinguish the easements. Blenis v. Utica Knitting Co., 73 Misc. Rep. 61, 130 N. Y. Supp. 740; 149 App. Div. 936, 134 N. Y. Supp. 1126.

We might well rest the decision of this upon the authority of that case; for while there are slight differences in the language employed in the two statutes involved, and while the procedure is different, there is no substantial difference as far as the question in hand is concerned. The statute in that case (chapter 559, Laws of 1902) provided that the conveyance "of the county treasurer shall convey to the grantee an absolute estate in fee simple," and that after two years "the sale and conveyance thereof shall become absolute, and the occupant and all others interested in the land be forever barred from all liens upon, claims against, interest in or right or title thereto." The statute in this case provided that "in an action to foreclose a tax lien any person shall be a proper party of whom the plaintiff alleges that such person has or may have or that the plaintiff has reason to believe that such person has or may have, an interest in or claim upon the real property affected by the tax lien" (Greater New York Charter, as amended as aforesaid, § 1035), and that every conveyance upon a sale pursuant to a final judgment in an action to foreclose a tax lien "shall transfer to and vest in the purchaser all the right, title, interest, and estate in and claim upon the real property affected by such judgment, of the plaintiff, each defendant upon whom the summons is served, each person claiming from, through or under such a defend-

ant by title accruing after the filing of notice of pendency of the action * . * * " (Id. § 1039). The fact that the appellants are parties to the foreclosure suit cannot affect the question, unless their easements are subject to the lien of the tax, and, of course, if so subject, they would be cut off by a conveyance after notice to redeem, given pursuant to such a statute as was involved in the Blenis Case, supra.

[3] A valid assessment is essential to a valid tax lien and notice of some kind is necessary. It would seem to follow that the lien is upon the property assessed and no more. The words "land" and "real property" are used almost interchangeably in the various tax laws of this state. The real property assessed in this case, for it is to be presumed that the assessors did their duty, is the servient estate, which, of course, might be divided into different estates—as, for example, an estate for life and one in remainder or reversion. The owners of such estates, and all having interests or liens therein or thereupon, would be chargeable with notice of the assessment, if the statute was complied with; but it is difficult to understand upon what principle a person having no estate or interest in the real property assessed— i. e., the servient estate—would be bound to take notice of an assessment upon it. It was said by Mr. Justice Dowling, whose opinion in the Poor Case, supra, was adopted by this court and by the Court of Appeals, that:

"The owner of the adjoining property could not seek to review this assessment, not having title to the park, but only an easement therein."

While it is said that that statement was not necessary to the decision, it was a corollary of the proposition decided. The appellants in this case paid the taxes assessed upon their property, and presumptively the value of the easements was included in that assessment. They were not concerned with whether the assessment of other property was too high or too low. Of course, the incorporeal hereditaments were not assessable apart from the tenement to which they were appurtenant, and the assessment either of the servient or the dominant estate would not disclose how the assessors arrived at the value placed upon either.

[4] An easement is a servitude upon, and differs from an interest in, or lien upon, the land. It is not a part of, but is so much carved out of the estate in, the land, and is as much a thing apart from that estate as a parcel of the land itself conveyed from it. If the principle contended for by the respondents is sound, the owner of the dominant estate, who pays taxes upon a valuation which includes the value of his easements, must also, to protect his easements, pay. taxes assessed on another's property, although the value of the easements is necessarily excluded from the assessed valuation thereof.

It is unnecessary to determine the precise nature of a tax title. It doubtless is in the nature of a new and independent grant from the sovereign authority (Hefner v. Northwestern Life Ins. Co., 123 U. S. 747, 8 Sup. Ct. 337, 31 L. Ed. 309); but the assessment is the basis of it. The property assessed and the property conveyed upon the tax sale must be the same. If the assessment is only of the servi-

ent estate, only that can be conveyed on a tax sale; and, vice versa, if the conveyance on the tax sale, or on the foreclosure of a tax lien, is of all the estate or interests in the land, freed from servitude as well as liens thereon, then the assessment must be based upon the land as land, regardless of servitude as well as liens. As has been shown, in making the assessment a deduction must be made for easements, whereas none is made for liens and the like interests.

Each side points to supposed inconveniences which will result from the adoption of the other's view. It is unnecessary to balance them. Doubtless many are purely theoretical. The point is that the assessment and the tax sale must be consistent. If property rights, which are excluded from the assessment, are sold, or, what amounts to the same thing, extinguished by a tax sale, it will result in the taking of property without due process of law.

The judgment should be modified, so as to provide that the sale be made subject to the easements of the appellants, and, as thus modified, affirmed, with costs to the appellants. All concur.