TAX LIEN CO. OF NEW YORK v. SCHULTZE et al.

(Supreme Court, Appellate Division, First Department.   April 3, 1914.)

TAXATION (§ 685*)—FORECLOSURE OF LIEN—RELIEF FROM BID—MARKETABLE TITLE.

It was error to grant a motion of the purchaser at the sale on foreclosure of a tax lien, to be relieved from his bid on the ground that the title was not marketable because the premises were affected by easements of light, air, and access, where every owner of such an easement was made a party to the foreclosure proceedings; such owners being bound by the judgment and their interest being vested in the purchaser by the conveyance, under the express provisions of Charter of City of New York, § 1039 (Laws 1908, c. 490).

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1375, 1376; Dec. Dig. § 685.*]

Scott, J., dissenting.

Appeal from Special Term, New York County.

Action by the Tax Lien Company of New York against Catherine E. Schultze and others to foreclose a tax lien.   From an order granting a motion of Welsey E. Barker, purchaser at the foreclosure sale, to be relieved of his bid, plaintiff appeals.   Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

August Weymann, of New York City, for appellant.
Edward Hiehling, for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOTCHKISS, J.   The action was to foreclose a tax lien.   The respondent was the purchaser at the sale.   Having refused to take title, he made a motion to be relieved of his bid, and plaintiff moved for an order directing the purchaser to complete.   The purchaser's motion to be relieved was granted, and plaintiff's cross-motion was denied.

The premises in question consist of what would be the northerly half of the bed of East 132d street where the same widened and extended between Willis avenue and Brown Place.   The title was rejected on the ground that the premises were affected by easements of light, air, and access which were not cut off by the foreclosure.   On the motion, an affidavit was read in behalf of the purchaser in which it was stated:

"Upon the said examination of title, it appeared that there might be easements of light, air, and access, and rights of way over said tax lot in favor of the owners and incumbrances of the various parcels of land abutting upon the said tax lot and upon the neighboring streets and avenues.   The following is a list of the various owners and incumbrances of land fronting on East 132d street and Willis avenue, together with their sources of title."

The record shows that each owner or incumbrancer enumerated in the list as stated in the affidavit was a party to the action and either defaulted or appeared but did not defend.   It is clear that the mere suggestion that there may be a possibility of outstanding interests unaffected by the judgment is insufficient to show a cloud on the title. Goodwin v. Crooke, 58 App. Div. 464, 69 N. Y. Supp. 578.   Jackson v. Smith, 153 App. Div. 724, 138 N. Y. Supp. 654, is not in point.   In that case, it was held that the easements of certain defendants were not affected by the sale because they had not been subjected to the assessments on which the tax in question had been laid.   No such question is in this case, which involves one of parties only.   Every owner of an easement which the record discloses as having an interest was made a party, and hence was bound by the judgment, and whatever estate or interest they had in the property affected thereby will, by the conveyance to be made thereunder, be vested in the purchaser. Charter, § 1039 (Laws 1908, c. 490).

The order relieving the purchaser of his bid should be reversed, with $10 costs and disbursements, and the order denying the motion of the plaintiff directing the purchaser to complete his purchase should likewise be reversed, and an order entered directing the purchaser so to complete.

INGRAHAM, P. J.   I concur with my Brother HOTCHKISS. The question here presented is whether the deed of the referee in pursuance of a judgment of foreclosure of this lien will convey a marketable title to the property sold under the direction of a judgment of this court.

This action was brought under the provisions of the charter of the city of New York (sections 1035–1039), as amended by chapter 490 of the Laws of 1908, as amended by chapter 65 of the Laws of 1911. The lien foreclosed in this action was a lien upon the specific real property described in the complaint and in the notice of sale which the

purchaser executed. There is no question but that a valid lien was created by the tax which was imposed upon the property, and that the plaintiff acquired that lien by virtue of a transfer from the municipal authorities as provided for by the sections of the charter referred to. The action to foreclose that lien was commenced and prosecuted as provided for in these sections of the charter, and the judgment was in all respects a valid judgment foreclosing the lien. Under that judgment the referee proceeded to sell the property described in the complaint which was subject to the lien. The objection of the purchaser to the title is that the property may be subject to an easement, but so far as appears from the record every person owning or claiming an easement in the property was a party to the action and was either served or appeared. Undoubtedly if either of these defendants· had appeared in the action and claimed that the property upon which the lien existed was subject to an easement in favor of the defendant thus appearing, and the court had by judgment attempted to sell the property free and clear of those liens, that judgment would have been erroneous and would have been reversed on appeal. That was our decision in the case of Jackson v. Smith, 153 App. Div. 724, 138 N. Y. Supp. 654, relied upon by my Brother SCOTT in his opinion. That case did not decide or attempt to decide what would be the effect of a sale under the judgment in that case, and the very fact that we modified the judgment by directing that the sale be subject to the easement would show that, if there had been a sale under that judgment without such modification, the defendants would have been barred from claiming any easement upon the property conveyed by the referee. But in this case neither of the defendants whom it is claimed now might have an easement appeared or defended the action or made any claim to any interest in the property. The judgment was entered in an action to which all these owners of these so-called easements were parties, and a conveyance by the referee will convey to the purchaser all the interest of all the parties to the action whether by easement, or as owners of the fee, or any other right or title to the property under the express provisions of section 1039 of the Charter. That section provides that every conveyance upon a sale pursuant to a final judgment in an action to foreclose a tax lien "shall transfer to and vest in the purchaser all the right, title, interest and estate in and claim upon the real property affected by such judgment, of the plaintiff, each defendant upon whom the summons is served, each person claiming from, through or under such a defendant by title accruing after the filing of the notice of pendency of the action." It seems to me that under this express provision of the charter the question whether any of these defendants had or had not an easement in the property or any right to it which would be affected by the conveyance were bound to appear in the foreclosure action and assert their claim so that the sale could be made subject to any right or easement therein; and, having failed to assert their claim in that action, a deed by the referee in pursuance of a judgment would vest in the purchaser full title to the property free and clear of any lien or interest of any of the defendants.

I therefore concur in the reversal of the order appealed from, and the motion requiring the purchaser to complete his purchase should. be granted.

CLARKE and DOWLING, JJ., concur.

SCOTT, J. (dissenting). The property affected by the tax, the lien for which is the subject of this foreclosure action, was described in the terms of sale as:

"Borough of the Bronx—Section 9 Block 2277, lot 50.   Location, East 132nd street, between Willis Avenue and Brown Place."

It was not stated to be subject to any lien or incumbrance except certain taxes. Attached to the terms of the sale was a diagram showing a plot of land 820 feet in length, and 30 feet in width, bounded on the west by Willis avenue, on the east by Brown Place, and on the south by East 132d street. There was nothing whatever to indicate what, upon examination, proved to be the fact, that the plot thus described was in fact a part of the bed of 132d street. The purchaser,. upon discovering this fact, refused to complete the sale, and now seeks. to be relieved of his bid upon the ground. that the premises upon which he bid are incumbered with private easements of light, air, and access in favor of the property abutting upon 132d street which were not covered by the tax lien and consequently were not cut off by the foreclosure of that lien. That the purchaser has good ground for his objection does not seem to be an open question in this court. In Jackson v. Smith, 153 App. Div. 724, 138 N. Y.· Supp. 654, it was distinctly and unanimously held that the foreclosure of a tax lien and the sale of premises, pursuant to section 1035 et seq. of the Greater New York Charter, does not extinguish private easements of light, air, and access of adjoining owners over the land sold, because the easements appurtenant to the adjoining property are not covered by or included in the assessment of the bed of the street, and are therefore not subjected to the tax lien. Hence to sell or extinguish them under a foreclosure of the tax lien would be to take the property of the abutting owner without due process of law. Not only is this decision the latest word of this court upon the subject, but its reasoning is so satisfactory that it commands our respect.

It is not, as I consider, an answer to the purchaser's objection to the title that some, and perhaps all, of the owners of property possessing these private· easements, were made parties to the action. Even so their easements will not be cut off unless they were subject to the tax. Jackson v. Smith, supra; Blenis v. Utica Knitting Co., 73 Misc. Rep. 61, 130 N. Y. Supp. 740; Id., 149 App. Div. 936, 134 N. Y. Supp. 1126. As was said by the Court of Appeals in Smith v. Mayor, etc., 68 N. Y. 552, 557:

"One who purchases land at a tax sale must take all the easements and incidents attached or pertaining to the land."

It is quite certain that nothing more can pass under a tax sale than what was included in the assessment and subjected to the lien,.

and the rule is perfectly well settled that the assessment of the servient estate must exclude the easements, and the assessment of the dominant estate must include them. Jackson v. Smith, supra, and cases cited. Consequently, the assessment of the street did not cover the easements appurtenant to the adjoining property; they were not subject to the lien of the tax, and they were not extinguished by the foreclosure of that lien. By the failure to properly describe the property in the terms of sale, the purchaser was led to bid a very substantial sum for property of only apparently nominal value. It would be highly unjust to hold him to his purchase or to decide summarily upon an application of this character that the property is free from cloud.

The order should be affirmed, with $10 costs and disbursements.