TOWN OF HARRISON, Plaintiff, *v.* PETER A. CAMPAGNA et al., Defendants.

Supreme Court, Special Term, Westchester County, April 13, 1948.

*Schupp & Buckley* for Peter A. Campagna and others, defendants.

*John J. Disesa* for Harry E. Baily, defendant.

*Orville C. Sanborn* for plaintiff.

Schmidt, J. This is a motion for an order dismissing so much of the first and second causes of action of the complaint herein wherein it is alleged that an in rem tax lien foreclosure completed by the plaintiff wiped out and cancelled restrictive covenants of record, on the ground that it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action as a matter of law. The motion is made by three persons owning property in the subdivision covered by the restrictions but not affected by the tax foreclosed.

From the papers submitted on this motion it appears that the Town of Harrison obtained title to the property in question by deed from its receiver of taxes as a result of an in rem tax lien foreclosure. The town has contracted to sell the property to the defendant, Campagna, for the erection of an apartment house which is permitted by its zoning ordinance but forbidden by restrictive covenants in the deeds to all property in the subdivision.

The question before the court is whether the in rem foreclosure wiped out these restrictive covenants which long antedated the delinquent taxes. If, as a matter of law, it did not, the paragraphs of the complaint, alleging that it did, do not state facts sufficient to state a cause of action and the motion should be granted.

It should be noted that this motion does not seek to set aside the in rem judgment of the County Court but only to determine the legal validity of allegations made in plaintiff's present action for a declaratory judgment.

It is well-settled law that restrictive covenants create easements. (*Schwab* v. *Whitmore, Rauber & Vicinus Co.*, 245 App. Div. 174, 175.)

A foreclosure of tax lien, whether achieved by action or by the in rem proceeding, cannot affect property other than that assessed and covered by the lien, and in the case of land charged with an easement with which the land is encumbered, a foreclosure cannot affect the easement to which it is subject.

The reasoning of the court in *Jackson* v. *Smith* (153 App. Div. 724, affd. 213 N. Y. 630) sustains this view. There the court said (pp. 626–627): " An easement is a servitude upon and differs from an interest in or lien upon the land. It is not a part of, but is so much carved out of the estate in the land and is as much a thing apart from that estate as a parcel of the land itself conveyed from it. * * * The property assessed and the property conveyed upon the tax sale must be the same. If the assessment is only of the servient estate only that can be conveyed on a tax sale * * *. As has been shown, in making the assessment a deduction must be made for easements, whereas none is made for liens and the like interests. * * * The point is that the assessment and the tax sale must be consistent. If property rights, which are excluded from the assessment, are sold, or, what amounts to the same thing, extinguished by a tax sale, it will result in the taking of property without due process of law."

To the same effect is *Tax Lien Co.* v. *Schultze* (213 N. Y. 9) reversing a contrary holding made in this case by the Appellate Division (161 App. Div. 693).

There is no distinction between an action to foreclose a tax lien and an in rem proceeding so far as the result achieved is concerned. The difference is in procedure only.

From the foregoing it is apparent that the restrictive covenants in question were not wiped out in the foreclosure action but that the town took title to the property subject to them and any contrary allegations in the complaint are not sustained by law but are contrary to it and therefore do not state facts sufficient to constitute a cause of action. The motion is therefore granted.

Submit order on three days' notice.