WILLIAM E. RHINEHART, Respondent, v. MYRTLE G. RHINEHART, Appellant.— Defendant has appealed from an order denying her motion to modify a judgment of annulment obtained against her, pursuant to subdivision 5 of section 7 of the Domestic Relations Law, by increasing the payments therein provided to be made for her support and maintenance. Order denying appellant's motion to modify judgment reversed on the law and the facts, with $10 costs and disbursements, and the motion granted to the extent of modifying the judgment so as to provide for payment to appellant of the sum of $175 per month, commencing as of August, 1948. In our opinion, under the circumstances disclosed by the record, appellant was not barred from making application for a further modification of the judgment of annulment by the fact that there had been no substantial change in circumstances since the date of the previous order modifying such judgment, entered on the consent of the parties, and the Special Term improvidently exercised its discretion in denying her motion for such modification. Carswell, Acting P. J., Johnston, Adel, Nolan and Sneed, JJ., concur.

BERTHA J. SANGSTER, Appellant, v. HARRY LEFRAK et al., Copartners Doing Business as LEFRAK REALTY CO., Respondents.— Appeal by plaintiff, by permission, from an order of the Appellate Term reversing a judgment of the City Court of the City of New York, County of Queens, in favor of plaintiff, entered upon the verdict of a jury, and dismissing the complaint. Order affirmed, with costs. No opinion. Carswell, Acting P. J., Adel and Wenzel, JJ., concur; Nolan and Sneed, JJ., dissent and vote to reverse the order of the Appellate Term and the judgment of the City Court and to grant a new trial, with the following memorandum: The reversal by the Appellate Term was based on the admission in evidence on the trial of certain declarations of a former employee of respondents. In our opinion, this evidence was admissible and there was no error by the trial court which required a reversal. (Cf. *Stecher Lithographic Co.* v. *Inman*, 175 N. Y. 124; *Wallace* v. *Taylor*, 204 App. Div. 341; *Reed* v. *McCord*, 160 N. Y. 330.) [See *post*, p. 928.]

BERNARD SRAGOW, Respondent, v. DISTILLED BRANDS, INC., Appellant.— In an action to recover compensation, by a salesman whose terms and conditions of employment were governed by a contract entered into between the employer and the union of which the salesman was a member, order granting in part and denying in part defendant's motion for summary judgment or partial summary judgment affirmed, with $10 costs and disbursements. No opinion. Carswell, Acting P. J., Johnston, Nolan and Sneed, JJ., concur; Adel, J., dissents and votes to reverse the order and to grant the motion for summary judgment dismissing the complaint on the ground that on the conceded facts the contract provisions are a bar to the action. [See *post*, p. 944.]

TOWN OF HARRISON, Appellant, v. PETER A. CAMPAGNA et al., Respondents.— In an action for a declaratory judgment that certain restrictive covenants of record are no longer effective, plaintiff appeals from an order dismissing so much of the first and second causes of action of the complaint as allege that an in rem tax lien foreclosure action instituted by plaintiff in 1946 wiped out and cancelled restrictive covenants existing of record prior to the levying of the tax forming the basis of the foreclosure action. Order affirmed, with one bill of $10 costs and disbursements to respondents filing briefs. No opinion. Carswell, Acting P. J., Johnston, Adel, Nolan and Sneed, JJ., concur. [193 Misc. 239.]