In an action to determine a claim to real property, plaintiff appeals from a judgment dismissing the complaint after trial. Plaintiff also appeals from so much of an order as denied its motion under rule 104 of the Rules of Civil Practice for an order treating respondent Long Island Water Corporation’s amended answer as a nullity, and which denied its motion for an order under subdivision 6 of rule 109, of the Rules of Civil Practice, striking out the affirmative defense in said answer, and which denied its motion for judgment on the pleadings purshant to rule 112 of the Rules of Civil Practice. The record on appeal does not contain the testimony at the trial, but the stenographer’s minutes were submitted on the argument of the appeal, pursuant to permission granted by an order of this court made November 6, 1950. In 1925, the then owner of the real property involved, granted respondent Long Island Water Corporation’s predecessor in interest a right of way for the maintenance and operation of a railroad switch or spur, connecting the grantee’s pumping station with the tracks of the Long Island Railroad. The spur was approximately 4,100 feet in length, of which about 1,300 feet were located on the grantor’s property. The spur was used to bring coal, lime and other supplies to said respondent’s pumping station. The owner reserved the right to lay out streets upon said right of way, to construct crossings over the spur, and to connect spurs of its own with the grantee’s tracks. Some years thereafter, the owner defaulted in the payment of school and county taxes, the tax liens on the property were acquired by the County of Nassau, and the property was subsequently conveyed to the County of Nassau by the County Treasurer. Notice of redemption was not served on respondent Long Island Water Corporation. Plaintiff has entered into contracts with the County of Nassau for the purchase of the parcels involved, the agreements providing for payment of the purchase price in installments, the deeds to be delivered when the purchase price is paid in full. The contracts also provide that the sales are subject to any easements theretofore granted to any public utility. The question presented is whether respondent Long Island Water Corporation’s right in the property was extinguished by the tax sales; and the trial court has concluded that it is an easement. which was not wiped out thereby. In so holding, the court made no findings of fact. Judgment and order, insofar as appealed from, unanimously affirmed, with costs to the Long Island Water Corporation. Respondent Long Island Water Corporation’s proposed findings of fact numbered one to seventeen, inclusive, are found and allowed. In our opinion, respondent Long Island Water Corporation’s right of way constituted an easement over the parcel in question for the benefit of its pumping station, and such easement was not extinguished by the tax sales. {Tax Lien Co. v. Schultze, 213 N. Y. 9; Jackson v. Smith, 153 App. Div. 724, affd. 213 N. Y. 630; Harris v. Curtis, 139 App. Div. 393, affd. 211 N. Y. 573.) Present — Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ.