CAROLINE SMULCZEKI, Respondent, v. CITY CENTER OF MUSIC AND DRAMA, INC., Appellant.— In an action to recover damages for personal injuries sustained by plaintiff in a fall down a flight of steps in defendant's theater, defendant appeals from a judgment in favor of plaintiff upon a jury verdict. Judgment reversed and a new trial granted, with costs to abide the event. Plaintiff was descending a stairway in the theater, missed the first step below a landing, and fell to the floor, seven steps below. Testimony given by plaintiff and her witnesses, who were her daughter, daughter-in-law and a friend, in general was that the landing was "dark", that the lighting was "poor", "dim", and that an electric light bulb in the ceiling fixture above the landing was not lit. On the other hand, the undisputed evidence was that on the wall, alongside the landing, there was a sixty-watt electric light bulb which was lit, and that in each of two fixtures on the walls near the foot of the stairway — the nearer one being above a point which was but six feet therefrom — six twenty-five watt bulbs were lit. We are of the opinion that the verdict was against the weight of the credible evidence. Wenzel, Acting P. J., MacCrate, Beldock, Murphy and Ughetta, JJ., concur.

■

CATHERINE UTNICKI, as Administratrix of the Estate of STANLEY UTNICKI, Deceased, Respondent, v. CITY OF NEW YORK, Appellant.— In this action to recover damages for the wrongful death of respondent's intestate, her late husband, and for his conscious pain and suffering, order granting respondent's motion for a trial preference affirmed, with $10 costs and disbursements. Appellant does not dispute respondent's assertion that she and her young child have been depending upon neighbors and friends for clothing and food, and that she has no means, no income, no relatives who can assist her, and is unable to work because of the necessity for care of her child. This constitutes destitution, notwithstanding that respondent is not on relief. Therefore, the granting of the preference herein was a proper exercise of discretion. Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur.

■

## (April 16, 1955.)

■

BEACH BUNGALOWS, INC., Appellant, v. BUSHWICK SAVINGS BANK et al., Defendants, and JAMES MUGNO et al., Respondents.— In an action for judgment declaring a lien for delinquent taxes for the years 1928 to 1946–1947, inclusive, and the transfer of said lien to be valid and enforcible as a first lien and for the foreclosure of said lien, plaintiff appeals from an order denying its motion for summary judgment. The respondents, owners of premises adjacent to the property affected by the tax lien, claim a driveway easement over said property, alleged to have been created by the then common owner of both parcels by the recording of a "Declaration of Right of Way" on November 28, 1938. Respondents acquired title to their respective properties during the period from November 28, 1938, to August 22, 1939. Order affirmed, with $10 costs and disbursements. No opinion. MacCrate, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur. [See *post*, p. 1173.]