■ EVELYN P. WEBER et al., on Behalf of Themselves and All Other Owners of Premises Shown on Map, Appellants, v. KATHERINE HOLBROOK, Respondent.— Action by owners of lots shown on a subdivision map for a judgment declaring that the property owned by respondent in the subdivision is open for park purposes to all parties owning any part of the premises shown on said map and their families for use as a public park, to enjoin respondent from interfering with such use, and for other relief. Appellants' claim is under a declaration filed by the developer, and recorded in the Westchester County Clerk's office on September 2, 1939, which dedicates certain designated parcels on said map as " parks " and " for the purpose of public parks " and provides that the covenants and restrictions set forth therein shall run with the land and shall be binding on the developer and all persons claiming under it until July 1, 1965, with provisions for automatic extensions for successive periods of ten years unless, by instrument executed by the majority of the then owners of all the premises, the covenants are changed in whole or in part. The answer pleads three affirmative defenses, the first of which asserts that respondent's

vendor, the Town of Greenburgh, acquired the property by an in rem foreclosure of delinquent taxes and that appellants' interests in the property were expunged thereby. The record indicates that the foreclosure was for taxes for the years 1941 to 1949, inclusive, that the town acquired the property on or about February 6, 1951, and conveyed to respondent by a deed acknowledged July 16, 1951, subject " to covenants, conditions and restrictions of record, if any ". The appeal is from an order denying a motion to strike out the answer and for summary judgment pursuant to rule 113 of the Rules of Civil Practice. Order reversed, with $10 costs and disbursements, and motion granted. Appellants' interests in the premises owned by respondent were not extinguished by the foreclosure in rem of the tax liens as such interests were created prior to the levying of the delinquent taxes. (*Beach Bungalows* v. *Bushwick Sav. Bank*, 285 App. Div. 1069; *Wilkinson* v. *Nassau Shores*, 278 App. Div. 970, mod. 304 N. Y. 614; *Queens Park Gardens* v. *Long Is. Water Corp.*, 277 App. Div. 1146, motion for leave to appeal denied 302 N. Y. 951; *Town of Harrison* v. *Campagna*, 274 App. Div. 898.) Furthermore, the deed to respondent from her grantor specifically provided that the conveyance is "subject to * * * covenants, conditions and restrictions of record, if any ". The other defenses present no issue barring the right of appellants for summary judgment. Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.