John A. Garbarino, J.
The issues raised in this action and submitted for the court’s determination is the legal effect of a judgment of foreclosure ‘ ‘ in rem ’ ’ upon an easement. The foreclosed tax lot or servient estate involved herein is burdened with *1037 an easement in the nature of a railroad spur right of way created by express grant.
American Export Industries, Inc., the sole remaining plaintiff herein, contends that the easement has been extinguished by the foreclosure. It seeks a determination by action brought pursuant to article 15 of the Real Property Actions and Proceedings Law barring defendants’ right to continue and maintain said easement or right of way by railroad spur over plaintiff’s property.
Defendant, Virginia Barrel Co., Inc., obtained title to certain real property located at Howland Hook, Staten Island, New York, by deed dated September 21,1928 from Richmond Waterfront Realty Corp., plaintiff’s predecessor in title. Said corporation, at that time and prior thereto, owned all of the real property involved in this action. The afore-mentioned deed contained express language creating an easement of way in the nature of a railroad spur in favor of grantee over the lands of grantor. By deed dated April 16,1955 Virginia Barrel Co., Inc. conveyed the said parcel to defendant, G-reif Bros. Cooperage Corp., with identical language concerning the right of way.
Upon receipt of its deed from Richmond Waterfront Realty Corp., Virginia Barrel Co., Inc. applied for and obtained from the New York City Tax Assessor’s office an apportionment of the original Tax Lot No. 9 from which its grant was derived. It received a new tax lot number (Tax Lot No. 223) covering the property conveyed to it, together with an apportionment of the outstanding tax arrears and delinquency charges covering original Tax Lot No. 9.
The apportioned tax arrears charged to the newly created tax lot were duly paid in full, and current taxes since that time have been paid at all times when due.
The easement granted herein is a railroad right of way or spur connecting defendant’s property with the Baltimore & Ohio Railroad tracks. It has been visible and obvious at all times mentioned herein. It could not possibly have been overlooked by the tax assessors in arriving at their valuation of the tax lots comprising the dominant and servient estates.
The tax assessor’s records indicate that the apportioned and newly created tax lot (Tax Lot No. 223) has always been assessed at an amount which reflects the enhanced value attached to it by reason of the easement of way existing in its favor as the dominant estate.
The servient estate, Tax Lot No. 9, has, likewise, at all times after the apportionment been assessed at a valuation which *1038 reflects the diminution in its value by reason of its being burdened with an easement of servitude in favor of the dominant estate.
An easement is not a lien, encumbrance or charge against the servient estate, but is something carved out of it for the benefit of the dominant estate.
Tax Lot No. 9, the servient estate as apportioned, was subsequently foreclosed for delinquent taxes by an action “ in rem ”. The City of New York thus obtained title to the real property adjacent to and surrounding the property of the defendants. By various conveyances (plaintiff’s Exhibits Nos. 2 through 10) title thereto devolved to plaintiff, American Export Industries, Inc.
It is well settled that an “ in rem ” foreclosure of a tax lien cannot affect property other than that assessed and covered by the lien. The court finds, on all the proof adduced, and it necessarily follows, that the easement which was assessed as enhanced value to the dominant estate, and whose value was deducted from the assessed value of the servient estate by reason of diminution in value resulting from the burden of servitude, was not extinguished by such foreclosure, but survives.
Any contrary holding would amount to a taking of property without due process of law. To hold otherwise, the owners of the dominant estate could protect their valuable easement only by constant vigil and alertness to see that the taxes assessed against the servient estate were duly and timely paid. (Jackson v. Smith, 153 App. Div. 724; Town of Harrison v. Campagna, 193 Misc. 239; Beach Bungalows v. Bushwick Sav. Bank, 133 N. Y. S. 2d 712.)
Defendants are entitled to judgment dismissing plaintiff’s complaint.