■ MEYER MESSER et al., Respondents, v. HYMAN LEVESON et al., Appellants.— Summary judgment, entered February 21, 1964, directing defendant landowners to remove a fence across a footpath or to keep the door to the fence open at all times, unanimously modified, on the law, on the facts, and in the exercise of discretion, to provide in the second directory paragraph that defendants may alternately deliver to plaintiffs a suitable number of duplicate keys to the door for the use by plaintiffs, their agents, servants and employees, and by members of their household, and the judgment is other-

wise affirmed, without costs or disbursements to any party. Plaintiffs, adjoining landowners, claim a right of access on foot across defendants' land. Such a right of access was expressly reserved by the common owner in its deed to defendants, and was expressly granted by the common owner, and by all subsequent grantors, in plaintiffs' chain of title. The reservation in the deed to defendants was "in favor of the owner of the house immediately adjoining on the north, personally". The obvious need for foot access around defendants' contiguous house, and the fact that the adjoining owner was at that time the grantor, a corporate developer, make clear, if clarification is necessary, that the reserved right of access was appurtenant to plaintiffs' premises rather than personal to the corporate developer. Since the right of access is for the benefit of the owners and users of plaintiffs' house, and not the public at large, the judgment should be modified to allow defendants, in the exercise of their undoubted rights of ownership, to exclude all those who were not to be benefited by the reserved right of access. Although a locked gate may, under some circumstances, constitute an unreasonable burden on a right of way, it may be allowed where necessary to prevent use of the way by unauthorized persons (17 N. Y. Jur., Easements and Licenses, §§ 177, 179). Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.