■ RICHARD J. SABELLA et al., Appellants, v 927 FIFTH AVENUE CORPORATION, Respondent. [672 NYS2d 870] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about January 17, 1997, which, *inter alia*, (1) granted plaintiffs' motion for summary judgment to the extent of declaring their claimed front open space and service easements valid, but which implicitly approved defendant's limitation of plaintiffs' use of the service easement; (2) denied plaintiffs' request for an order requiring defendant's removal of an inside gate from the service easement; and (3) granted defendant's cross motion for summary judgment to the extent of declaring that the claimed rear open space easement had terminated, unanimously modified, on the law and the facts, to the extent of adding the direction that defendant provide plaintiffs with a key to the front gate, and otherwise affirmed, without costs.

Having properly found that plaintiffs had a valid service easement, the motion court should have directed that defendant provide plaintiffs with a key to the front gate leading to that easement. The locking of the front gate by defendant at night and on Sundays without providing plaintiffs a key thereto constituted an unreasonable interference with plaintiffs' rights as easement holders (*see, Green v Mann*, 237 AD2d 566; *Messer v Leveson*, 23 AD2d 834).

The court, however, properly denied plaintiffs' motion for summary judgment insofar as it sought an order directing defendant's removal of an inner gate situated in the service

easement. There are questions of fact as to the revocability of the license for installation of the inner gate given by plaintiffs' predecessor in interest. While it is true, as plaintiffs contend, that a bare license is revocable at the will of the licensor, it is not at all clear that the license at issue was in fact a simple grant of permission. To the contrary, the license given for erection of the inner gate was apparently supported by consideration and defendant may thus have justifiably relied upon the continued validity of the subject license in designing its security system, a circumstance which, if established, might render summary revocation of the license inequitable (*see, Prosser v Gouveia*, 98 AD2d 992). There are additionally factual issues as to whether plaintiffs purchased the property in question subject to defendant's license (*see, Bermann v Windale Props.*, 10 Misc 2d 388).

The court also properly held that the rear open space easement had terminated and that defendant's rights respecting the property formerly burdened by the easement were not adversely affected either by Real Property Law § 345 or RPAPL 612. As the court held, those statutory provisions apply only where there is an assertion of a reversionary right with respect to a possessory interest in property, and, accordingly, they are inapplicable where, as here, the interest at issue is merely an easement, a property interest not entailing possession (*see, Di Leo v Pecksto Holding Corp.*, 304 NY 505, 511). Concur—Rosenberger, J. P., Wallach, Tom and Saxe, JJ.