■ BOARD OF MANAGERS OF THE PARKCHESTER NORTH CONDOMINIUM, on Behalf of the Unit Owners, Respondent, v ALASKA SEABOARD PARTNERS LIMITED PARTNERSHIP, Appellant, et al., Defendant. [831 NYS2d 370]—

Judgment, Supreme Court, Bronx County (Alan J. Saks, J.), entered on or about August 4, 2005, which granted plaintiff's motion for summary judgment discharging defendant Alaska Seaboard Partners Limited Partnership's mortgage lien against a certain condominium unit, denied defendant's cross motion for summary judgment dismissing the complaint, and decreed that plaintiff was entitled to ownership of the condominium unit free and clear of all subordinate liens, unanimously reversed, on the law, without costs, plaintiff's motion denied, defendant's cross motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Real Property Law § 339-aa provides that a lien for common charges: "may be foreclosed by suit authorized by and brought in the name of the board of managers, acting on behalf of the unit owners, *in like manner as a mortgage of real property*, without the necessity, however, of naming as a party defendant any person solely by reason of his owning a common interest with respect to the property" (emphasis added).

Article 13 of the Real Property Actions and Proceedings Law governs actions to foreclose a mortgage, and RPAPL 1311, entitled "Necessary defendants," provides, in pertinent part, that:

"[e]ach of the following persons, whose interest is claimed to be subject and subordinate to the plaintiff's lien, shall be made a party defendant to the action: . . .

"3. [e]very person having any lien or incumbrance upon the

real property which is claimed to be subject and subordinate to the lien of the plaintiff."

In *New Falls Corp. v Board of Mgrs. of Parkchester N. Condominium, Inc.* (10 AD3d 574 [2004]), this Court recently observed that: "[t]he statute is a codification of the equitable principle that persons holding title to the premises or acquiring any right to or lien on the property subsequent to the mortgage should be made parties in the foreclosure action . . . . The principle has its basis in the underlying function of a foreclosure proceeding—'to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.' " (At 576, quoting *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400, 404 [1983]; *see also 6820 Ridge Realty v Goldman*, 263 AD2d 22, 25-26 [1999].) Moreover, the absence of a necessary party in a foreclosure action leaves that party's rights unaffected by the judgment and sale, and the foreclosure sale may be considered void as to the excluded party (*6820 Ridge Realty v Goldman*, 263 AD2d at 26; *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d at 406).

In the matter at bar, there is no dispute that Alaska Partners recorded its mortgage prior to the commencement of the foreclosure action, and the filing of a notice of pendency, by plaintiff. Alaska Partners was, therefore, a necessary party which plaintiff failed to join as a defendant in the foreclosure action. Consequently, Alaska Partners's right of redemption was not extinguished by the judgment in the foreclosure action and plaintiff's complaint, seeking the cancellation of Alaska Partners's mortgage on equitable grounds, fails to state a cause of action. Concur—Mazzarelli, J.P., Nardelli, Buckley, Catterson and Malone, JJ.