■ 1426 46 St., LLC, Respondent, v AGNES KLEIN et al., Appellants. [876 NYS2d 425]—

In an action for ejectment, the defendants appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated April 17, 2008, which granted the plaintiff's motion for summary judgment on the complaint and denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the complaint, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant Agnes Klein and her husband, the defendant Erno Klein, have resided at 1426 46th Street in Brooklyn for more than 36 years. Mrs. Klein allegedly owned the premises in the 1980s, but sold it to Barry Low in 1990 because she was experiencing financial difficulties. Mrs. Klein claims that in exchange for selling the premises to Low at a price significantly below market value, he gave her a 99-year lease to occupy the second floor apartment. Under the terms of the lease, which was dated August 27, 1990, Mrs. Klein was required to pay annual rent consisting of one half of the carrying costs of the premises, and one half of the payments due on a mortgage held by Citibank. However, the 99-year lease was not recorded until October 14, 1997, more than seven years after it was executed.

Soon after purchasing the premises, Low defaulted on his payment obligations under the Citibank mortgage, and in 1991 the bank commenced a foreclosure action against him. It is undisputed that Mrs. Klein was not named as a defendant in the 1991 foreclosure action, and was not served with process. It is also conceded that Mr. Klein was not properly served with process in the foreclosure action. Citibank obtained a judgment of foreclosure and sale in its favor, and on October 14, 1994, the premises were conveyed by referee's deed to the successful bidder, who was Low's sister, Ruchie Horowitz.

Ten years later, on October 14, 2004, Horowitz sold the premises to Jacob Daskal and Bella Daskal. On the same day, the Daskals executed a deed conveying the premises to the plaintiff, a limited liability company of which Jacob Daskal is

the managing member. After taking title, the plaintiff commenced this ejectment action against the defendants seeking to regain possession of the second-floor apartment. The plaintiff thereafter moved for summary judgment on the complaint, contending, inter alia, that the 99-year lease was a nullity because it had not been recorded until after the commencement of the foreclosure action and the foreclosure sale. The defendants also moved for summary judgment dismissing the complaint, arguing that Mrs. Klein's rights under the 99-year lease had not been extinguished because she was not named or served in the foreclosure action. The defendants also contended that Horowitz had recognized the 99-year lease by her conduct, inter alia, in failing to request monthly rent, or seeking their removal during the 10 years she owned the property. The Supreme Court granted the plaintiff's motion for summary judgment and denied the defendants' motion, concluding that the defendants were not necessary parties to the foreclosure action because their lease was not recorded at the time that action was commenced, and that the unrecorded lease was void as against the purchaser at the foreclosure sale pursuant to Real Property Law § 291. We modify to deny the plaintiff's motion for summary judgment on the complaint.

Contrary to the Supreme Court's determination, the defendants were necessary parties to the foreclosure action. Pursuant to RPAPL 1311, the plaintiff in a mortgage foreclosure action is required to join, as a party defendant, any person "whose interest is claimed to be subject and subordinate to the plaintiff's lien," including "[e]very person having an estate or interest in possession . . . in the property as tenant in fee" (subd [1]). Accordingly, tenants are necessary parties to a foreclosure action (*see 6820 Ridge Realty v Goldman*, 263 AD2d 22, 25 [1999]; *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400, 404 [1983]). The absence of a necessary party in a foreclosure action leaves that party's rights unaffected by the judgment and sale, and the foreclosure sale may be considered void as to the omitted party (*see 6820 Ridge Realty v Goldman*, 263 AD2d at 26; *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d at 406; *see also Glass v Estate of Gold*, 48 AD3d 746, 747 [2008]; *Board of Mgrs. of Parkchester N. Condominium v Alaska Seaboard Partners Ltd. Partnership*, 37 AD3d 332, 333 [2007]). Thus, a lessee who is not joined in a foreclosure action "retains the right to remain in possession of the property for the remainder of the term of his or her tenancy, regardless of whether the lease has been recorded. The failure to join a tenant as a party fails to cut off the tenancy" (2 Mortgages and Mortgage Foreclosure in New York § 32:12). Since the

defendants were not properly joined as parties to the foreclosure action, the judgment of foreclosure and sale did not extinguish their tenancy rights.

Furthermore, the court should not have determined, as a matter of law, that the lease was void as against Horowitz, who purchased the premises at the foreclosure sale, because it was unrecorded. Although a lease for a term exceeding three years is a conveyance which may be recorded (*see* Real Property Law § 290 [2]), an unrecorded conveyance is void only as against a subsequent good faith purchaser for value (*see* Real Property Law § 291). Moreover, "[a]ctual possession of real estate is sufficient notice . . . to all the world of the existence of any right which the person in possession is able to establish" (*Phelan v Brady*, 119 NY 587, 591-592 [1890]; *see Ward v Ward*, 52 AD3d 919, 921 [2008]; *Nethaway v Bosch*, 199 AD2d 654 [1993]). Here, in support of its motion for summary judgment, the plaintiff offered no evidentiary proof that its predecessor-in-title, Horowitz, was a good faith purchaser who took title without actual or constructive notice of the defendants' unrecorded lease interest.

We also reject the plaintiff's contention that the lease was extinguished by operation of CPLR 6501, which provides that a person whose conveyance is recorded after the filing of a notice of pendency "is bound by all proceedings taken in the action after such filing to the same extent as a party." In support of its motion for summary judgment, the plaintiff failed to offer sufficient evidence to establish that a notice of pendency was indeed filed in connection with the foreclosure action. Moreover, while "[i]nterests acquired prior to the filing of the notice of pendency but not recorded until after the notice was filed" are generally bound by the foreclosure judgment and sale (*Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d at 404), an unrecorded interest in a conveyance is not defeated if the plaintiff in the foreclosure action knew of it prior to the filing of the notice of pendency (*see Lamont v Cheshire*, 65 NY 30 [1875]; *New Falls Corp. v Board of Mgrs. of Parkchester N. Condominium, Inc.*, 10 AD3d 574 [2004]). Even assuming that Citibank filed a notice of pendency upon the commencement of its foreclosure action, neither the plaintiff nor the defendants have offered sufficient evidence to establish whether Citibank had actual or constructive notice of the unrecorded lease prior to the filing of the notice. Accordingly, it cannot be determined as a matter of law that the lease was extinguished because it was recorded after the alleged filing of a notice of pendency (*see New Falls Corp. v Board of Mgrs. of Parkchester N. Condominium, Inc.*, 10 AD3d 574 [2004]).

In addition, regardless of whether the lease was extinguished by the foreclosure judgment and sale, the plaintiff is not entitled to summary judgment because a triable issue of fact exists as to whether the lease was revived by attornment. "When a tenant holds under an unexpired lease subject to a mortgage, which is subsequently foreclosed, and after the sale in foreclosure free of the lease pays rent to the purchaser, there is an attornment. Under these circumstances the tenant will be deemed to hold from the new owner upon the same terms as he previously held from the landlord" (1 Dolan, Rasch's Landlord and Tenant— Summary Proceedings § 2:5, at 107-108 [4th ed]; *see* Real Property Law § 224 [3]; *Ripple's of Clearview v Le Havre Assoc.*, 88 AD2d 120, 122 [1982]). Although the defendants contend that they were entitled to summary judgment because they established an attornment as a matter of law, their evidentiary submissions simply raise triable issues of fact as to whether they complied with the payment obligations of the subject lease, and whether Horowitz, who purchased the premises at the foreclosure sale and owned it for 10 years without seeking to dispossess them, clearly and unequivocally accepted attornment (*see Holm v C.M.P. Sheet Metal*, 89 AD2d 229, 233-234 [1982]). Skelos, J.P., Dillon, Angiolillo and Eng, JJ., concur.