NYCTL 1998-2 Trust et al., Respondents-Appellants, v Salem Realty, Appellant-Respondent, et al., Defendants, St. Marks Place Condominium LLC, et al., Intervenors-Respondents-Appellants, and Builders Bank, Intervenor-Respondent. [893 NYS2d 165]—

The plaintiffs obtained a judgment of foreclosure and sale against the subject property located at 136 St. Marks Place in Brooklyn. The plaintiffs acknowledge that the defendant Salem Realty was not properly served. Contrary to the plaintiffs' contention on appeal, the Supreme Court properly determined, in effect, that the judgment of foreclosure and sale was not binding upon Salem Realty (*see 1426 46 St., LLC v Klein,* 60 AD3d 740, 742 [2009]; *6820 Ridge Realty v Goldman,* 263 AD2d 22, 26 [1999]; *Bancplus Mtge. Corp. v Galloway,* 203 AD2d 222, 223 [1994]). The plaintiffs' service of process on the defendants in a separate action does not cure the lack of jurisdiction in this action. Fisher, J.P., Angiolillo, Lott and Sgroi, JJ., concur.

Separate motions by the plaintiffs-respondents-appellants and the intervenors-respondents-appellants to dismiss an appeal by the defendant Salem Realty from an order of the Supreme Court, Kings County, dated October 1, 2007, on the ground that it has been rendered academic. By decision and order on motion of this Court dated January 27, 2009, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motions are denied as academic in light of our determination on the appeal (*see NYCTL 1998-2 Trust v Salem Realty,* 69 AD3d 593 [2010] [decided herewith]). Fisher, J.P., Angiolillo, Lott and Sgroi, JJ., concur.