■ ROBERT BASS et al., Appellants, v D. RAGNO REALTY CORP., Respondent. [976 NYS2d 118]—

In an action, inter alia, for strict foreclosure pursuant to article 15 of the RPAPL, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated January 18, 2012, as granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The complaint alleged that the plaintiffs sold a commercial property located in Mount Vernon to a third party, the Swinging Deli, LLC (hereinafter the Swinging Deli). As part of the sale, the Swinging Deli executed a note and mortgage on the subject property in favor of the plaintiffs. Subsequently, the defendant, an adjacent property owner, entered into a written agreement with the Swinging Deli for an easement on the subject property, which was later recorded. Following the Swinging Deli's default on the note, the plaintiffs commenced a foreclosure action against the Swinging Deli. The plaintiffs were unaware of the easement and did not name the defendant as a party in that action. On January 27, 2010, a judgment of foreclosure and sale was entered in that action. On October 14, 2010, the plaintiffs purchased the subject property at a public auction for the sum of $850,508.91. Thereafter, the plaintiffs commenced the instant

action for strict foreclosure and/or reforeclosure, seeking to compel the defendant to redeem the subject property for the sum of $850,508.91 plus interest, or to have the defendant's easement extinguished. The plaintiffs moved for summary judgment on the complaint and the defendant cross-moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint. The Supreme Court, inter alia, granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint, finding that there was no legal support for the plaintiffs' position that a strict foreclosure or reforeclosure action may be brought against an easement holder.

In determining a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the complaint must be afforded a liberal construction, and the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Margolin v IM Kapco, Inc.*, 89 AD3d 690, 691 [2011]).

A purchaser of foreclosed property may, under certain circumstances, commence a strict foreclosure action pursuant to RPAPL 1352 (*see 6820 Ridge Realty v Goldman*, 263 AD2d 22, 26 [1999]). RPAPL 1352 "authorizes the court to issue a judgment that fixes a time period within which any person having a right of redemption or right to foreclose a subordinate lien must act to redeem or begin a foreclosure action" (263 AD2d at 26; *see* RPAPL 1352). If the person with a right of redemption or subordinate lien fails to redeem the property or commence a foreclosure action within the fixed time period, "all title or interest" this person has in or against "such property shall thereby be extinguished and terminated" (RPAPL 1352; *see 6820 Ridge Realty v Goldman*, 263 AD2d at 26).

A purchaser of a foreclosed property may, under certain circumstances, also commence a reforeclosure action pursuant to RPAPL 1503 (*see 6820 Ridge Realty v Goldman*, 263 AD2d at 26). "When real property has been sold pursuant to a judgment in an action to foreclose a mortgage," a purchaser of a foreclosed property may maintain a reforeclosure action "to determine the right of any person to set aside such judgment, sale or conveyance or to enforce an equity of redemption or to recover possession of the property, or the right of any junior mortgagee to foreclose a mortgage" (RPAPL 1503).

The issue to be determined is whether a strict foreclosure or reforeclosure action may be maintained against an easement holder. Strict foreclosure and reforeclosure are regarded as

extreme and harsh remedies that are limited to a specific class of cases (*see Silver v Babitzky*, 228 App Div 591, 595 [1930]; 3-32 Bergman on New York Mortgage Foreclosures § 32.04). By its terms, RPAPL 1352 permits a strict foreclosure action against a person not named in the original foreclosure action, who has either a right of redemption to the subject property or a right to foreclose a subordinate mortgage or other lien (*see* RPAPL 1352). Similarly, RPAPL 1503, by its terms, permits a reforeclosure action against a person who may set aside the judgment, sale or conveyance of the foreclosed property, has a junior mortgage, or has an equity of redemption (*see* RPAPL 1503).

In order to extinguish the rights of redemption of those with a subordinate interest who were omitted from a foreclosure action, a party may bring a strict foreclosure or reforeclosure action in order to " 'vest complete title in the purchaser at the judicial sale' " (*New Falls Corp. v Board of Mgrs. of Parkchester N. Condominium, Inc.*, 10 AD3d 574, 576 [2004], quoting *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400, 404 [1983]; *see Board of Mgrs. of Parkchester N. Condominium v Alaska Seaboard Partners Ltd. Partnership*, 37 AD3d 332, 333 [2007]; *6820 Ridge Realty v Goldman*, 263 AD2d at 28).

As strict foreclosure and reforeclosure are harsh remedies, we narrowly interpret RPAPL 1352 and 1503 (*see Grafstein v Schwartz*, 100 AD3d 699 [2012]; *Michaels Elec. Supply Corp. v Trott Elec.*, 231 AD2d 695 [1996]). An easement holder, unlike a mortgagee (*see Board of Mgrs. of Parkchester N. Condominium v Alaska Seaboard Partners Ltd. Partnership*, 37 AD3d at 333) or a tenant (*see 6820 Ridge Realty v Goldman*, 263 AD2d at 25-26), does not fall within the class of persons against whom a strict foreclosure or reforeclosure action may be brought (*see* RPAPL 1352, 1503). An easement is not a lien or a mortgage (*see Clove Lakes Serv. Corp. v Greif Bros. Cooperage Corp.*, 74 Misc 2d 1036, 1038 [1973] [Sup Ct, Richmond County]; 49 NY Jur 2d Easements § 158). Moreover, an easement holder that is not named in the foreclosure action does not have a right of redemption. An easement holder, unlike a tenant, does not have a possessory interest in the burdened land (*see Di Leo v Pecksto Holding Corp.*, 304 NY 505, 511 [1952]; *Paradise Point Assn., Inc. v Zupa*, 22 AD3d 818, 819 [2005]; *Sabella v 927 Fifth Ave. Corp.*, 250 AD2d 506, 507 [1998]; Restatement of Property § 450; 1 Rasch, New York Law and Practice of Real Property § 18.8 [2d ed]). Thus, such actions cannot be maintained against an easement holder.

The plaintiffs' remaining contention is without merit.

Accordingly, the Supreme Court properly granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Rivera, J.P., Angiolillo, Hall and Cohen, JJ., concur.