■ FRANKLIN CREDIT MANAGEMENT CORPORATION, Plaintiff, v THERESA STRIANO REVOCABLE TRUST, Respondent. 5 BORO GROUP ENTERPRISES, LLC, Nonparty Appellant. [58 NYS3d 364]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered August 3, 2015, which denied 5 Boro Group Enterprises, LLC's (5 Boro's) motions to, among other things, permanently enjoin the Receiver, his agents and employees

from entering the subject premises, collecting rents or interfering with the possessory rights of 5 Boro (as successor in interest to plaintiff), without prejudice to seeking the same relief in a consolidated mortgage foreclosure action, unanimously reversed, on the law, without costs, and the motions granted.

By judgment of Supreme Court, Bronx County (Mark Friedlander, J.), entered March 8, 2013 in the underlying strict foreclosure action commenced by plaintiff, defendant's rights and interests were extinguished by its failure to file a notice of its intention to redeem the mortgage on the property sold to plaintiff, and plaintiff was deemed to hold the property free and clear from any and all such liens, encumbrances or interest (*see* RPAPL 1352; *Bass v D. Ragno Realty Corp.*, 111 AD3d 863, 864-865 [2d Dept 2013]). Given that the Receiver at issue was appointed in the consolidated mortgage foreclosure action, that defendant's rights in that action are now extinguished by the judgment entered March 8, 2013, and that the Receiver is subject to the control of the court (*see Matter of Kane [Freedman—Tenenbaum]*, 75 NY2d 511, 515 [1990]), the motion court should have granted 5 Boro's motions. Concur—Friedman, J.P., Renwick, Andrias, Moskowitz and Gesmer, JJ.