71-21 Loubet, LLC v Bank of Am., N.A. (2022 NY Slip Op 05012)

71-21 Loubet, LLC v Bank of Am., N.A.

2022 NY Slip Op 05012

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-01313
 (Index No. 708850/16)

[*1]71-21 Loubet, LLC, respondent,
v
Bank of America, N.A., appellant, et al., defendant.

Borchert & LaSpina, P.C., Whitestone, NY (Edward A. Vincent and Robert W. Frommer of counsel), for appellant.
Erin E. Wietecha, Farmingdale, NY, for respondent.

DECISION & ORDER
In an action for strict foreclosure pursuant to RPAPL 1352, the defendant Bank of America, N.A., appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered January 8, 2020. The order and judgment, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it and for summary judgment on its counterclaim to quiet title, granted that branch of the plaintiff's cross motion which was for summary judgment on the complaint insofar as asserted against that defendant, and directed that defendant to redeem the subject property within the specified period or suffer extinguishment of its interest therein.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
On March 29, 2000, Kimie Miyamoto and Akira Miyamoto (hereinafter together the Miyamotos) executed a mortgage on certain real property in Queens in favor of Lincoln Equities Credit Corp. (hereinafter Lincoln) in exchange for a loan in the sum of $110,000 (hereinafter the Lincoln mortgage). The mortgage was recorded. The Miyamotos immediately defaulted, and in June 2000, Lincoln commenced an action to foreclose its mortgage (hereinafter the Lincoln foreclosure action). Shortly after commencing the foreclosure action, Lincoln assigned the note and mortgage to Harry Dorvilier. That assignment was not recorded.
In December 2009, while the Lincoln foreclosure action was pending, Kimie Miyamoto executed a mortgage on the same property in favor of Bank of America, N.A. (hereinafter BANA), in exchange for a reverse mortgage loan in the principal sum of $915,000 (hereinafter the reverse mortgage). At that time, the last notice of pendency filed in the Lincoln foreclosure action had expired (see CPLR 6513) and a new notice of pendency had not yet been filed. On the date of the closing, BANA obtained from Lincoln a faxed copy of a "Release of Mortgaged Premises [and] Satisfaction of Lien" indicating that the Lincoln mortgage had been paid in full. The fax contained the annotations "original by overnight" and "original to follow" and included a copy of a UPS Next Day Air label. However, the signature on the faxed satisfaction was illegible, the signer's position was not indicated, and the signer's name was not written in either the space provided underneath the signature or in the notary's stamp. Originals never followed, and it is undisputed that no satisfaction [*2]of the Lincoln mortgage had been recorded. BANA nevertheless closed on the reverse mortgage. In 2012, BANA assigned the note and reverse mortgage to Champion Mortgage Company (hereinafter Champion).
In December 2013, Dorvilier commenced an action against Champion for a judgment declaring, inter alia, that he was entitled to sell the property "free and clear" of the reverse mortgage (hereinafter the Dorvilier action). Champion commenced a third-party action against Lincoln and its vice president, alleging fraud. In an order entered December 9, 2014, the Supreme Court, inter alia, granted Champion's motion for summary judgment dismissing the complaint in the Dorvilier action, finding that Champion would not be bound by any judgment in the Lincoln foreclosure action as it was not joined as a defendant therein, its mortgage continued, and Dorvilier had made no claim that he had purchased the premises at foreclosure. In an order entered May 13, 2015, the court, inter alia, denied that branch of Dorvilier's motion which was to clarify the order entered December 9, 2014. Champion appealed, and this Court dismissed the appeal on the ground that Champion was not aggrieved by the denial of that branch of Dorvilier's motion which was to clarify the prior order (see Dorvilier v Champion Mtge. Co., 156 AD3d 761).
Neither the order entered December 9, 2014, nor the order entered May 13, 2015, disposed of the third-party complaint in the Dorvilier action. The third-party action continued, and, in an order dated April 6, 2018, the Supreme Court, inter alia, granted the third-party defendants' motion to dismiss the third-party complaint, concluding, among other things, that it was not reasonable for BANA to have closed on the reverse mortgage loan as a purported first mortgage lien prior to receiving the original document showing a satisfaction of the Lincoln mortgage and in the absence of any escrow, particularly in light of the blanks appearing on the faxed satisfaction of lien form.
Meanwhile, in May 2014, in the Lincoln foreclosure action, the Supreme Court substituted Dorvilier as the plaintiff and entered a judgment of foreclosure and sale in his favor. Neither BANA nor Champion was named as a defendant to the foreclosure action nor moved to intervene therein. At the ensuing foreclosure sale, on March 25, 2016, Dorvilier submitted the winning bid. On June 10, 2016, Dorvilier assigned his bid to 71-21 Loubet, LLC (hereinafter Loubet), Loubet took title to the subject property, and the surplus funds from the foreclosure sale were deposited with the Clerk's Office. Between the foreclosure sale and the assignment of the bid to Loubet, by assignment dated June 2, 2016, Champion assigned the reverse mortgage back to BANA.
In July 2016, Loubet commenced this action seeking strict foreclosure pursuant to RPAPL 1352 against, among others, Champion. BANA was thereafter substituted for Champion, and submitted an answer which asserted several affirmative defenses, including that the action was barred by collateral estoppel and the statute of limitations, and Loubet lacked standing, and a counterclaim to quiet title, seeking a declaration that its lien was the first in priority.
BANA moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as barred by collateral estoppel and for summary judgment on its counterclaim, arguing that the priority of the parties' liens was determined in the Dorvilier action, which resulted in summary judgment in favor of the BANA mortgage. Loubet cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against BANA. In opposition to the cross motion, BANA argued, among other things, that Loubet lacked standing, that the action was time-barred, and that Loubet's request for summary judgment was premature. In an order and judgment entered January 8, 2020, the Supreme Court, inter alia, denied BANA's motion, granted that branch of Loubet's cross motion which was for summary judgment on the complaint insofar as asserted against BANA, and directed BANA to redeem the subject property within the specified period or suffer extinguishment of its interest therein. BANA appeals.
RPAPL 1311 requires the plaintiff in a mortgage foreclosure action to join, as a party defendant, among others, "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" (RPAPL 1311[3]). "The [*3]rationale for joinder of these interests derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale" (Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 404; see NC Venture I, L.P. v Complete Analysis, Inc., 22 AD3d 540, 542). "The absence of a necessary party in a foreclosure action leaves that party's rights unaffected by the judgment and sale, and the foreclosure sale may be considered void as to the omitted party" (6820 Ridge Realty v Goldman, 263 AD2d 22, 26; see Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d at 406).
Where, as here, a necessary party was omitted from a foreclosure action, the purchaser of the foreclosed property may commence a strict foreclosure action pursuant to RPAPL 1352 (see Bass v D. Ragno Realty Corp., 111 AD3d 863, 864; 6820 Ridge Realty v Goldman, 263 AD2d at 26). "RPAPL 1352 permits a strict foreclosure action against a person not named in the original foreclosure action, who has either a right of redemption to the subject property or a right to foreclose a subordinate mortgage or other lien" (Bass v D. Ragno Realty Corp., 111 AD3d at 865). The statute authorizes the court to issue a judgment that fixes a time period within which any such person must act to redeem or begin a foreclosure action. If the person fails to redeem the property or commence a foreclosure action within the time period fixed by the court, such person "shall be excluded from claiming any title or interest in such property and all title or interest of such person . . . or the right to foreclose a subordinate mortgage or other lien against such property shall thereby be extinguished and terminated" (RPAPL 1352; see Bass v D. Ragno Realty Corp., 111 AD3d at 864; 6820 Ridge Realty v Goldman, 263 AD2d at 26). "Since RPAPL 1352 operates to dispose of the encumbrances of those whose interests were junior at the time of the original foreclosure but who were not joined as parties to that action, a judgment of strict foreclosure cures a defect in the judgment or sale under the first foreclosure" (6820 Ridge Realty v Goldman, 263 AD2d at 26 [internal quotation marks omitted]).
BANA contends that Loubet lacked standing to commence this action because it never held the Lincoln note or mortgage. This argument is misplaced, as the subject action is in strict foreclosure, not to foreclose the Lincoln mortgage. An action pursuant to RPAPL 1352 lies after a mortgage has been foreclosed and the property sold in foreclosure. Following the foreclosure sale, the purchaser of the property may bring a strict foreclosure action to extinguish any subordinate liens that were not disposed of in the foreclosure action (see id.; Bass v D. Ragno Realty Corp., 111 AD3d at 864; 6820 Ridge Realty v Goldman, 263 AD2d at 26). Here, Loubet established its standing by demonstrating that it was the purchaser of the foreclosed property (see NYCTL 1996-1 Trust v Guthartz, 293 AD2d 455, 456).
Nor is the action time-barred. Generally, the statute of limitations begins to run when a cause of action accrues (see CPLR 203[a]). The strict foreclosure cause of action did not accrue until the mortgaged premises were sold, and, thus, this action, commenced within two months of the foreclosure sale, was timely (see 517-525 W. 45 LLC v Avrahami, 202 AD3d 611).
Contrary to BANA's contention, that branch of Loubet's motion which was for summary judgment was not premature. BANA failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence or that facts essential to opposing that branch of the cross motion were exclusively within the knowledge and control of Loubet (see CPLR 3212[f]; Chen v City of New York, 194 AD3d 904, 905; Niyazov v Hunter EMS, Inc., 154 AD3d 954, 955). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the . . . motion" (Niyazov v Hunter EMS, Inc., 154 AD3d at 955; see Chen v City of New York, 194 AD3d at 905).
Nor is this action barred by the doctrine of collateral estoppel. "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [emphasis omitted]; see Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72; Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d [*4]195, 199). "What is controlling is the identity of the issue which has necessarily been decided in the prior action or proceeding. Of course, the issue must have been material to the first action or proceeding and essential to the decision rendered therein" (Ryan v New York Tel. Co., 62 NY2d at 500; see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d at 199; Buechel v Bain, 97 NY2d 295, 303-304).
Contrary to BANA's assertion, the issue of the priority of mortgages was not decided in the Dorvilier action. There, the Supreme Court awarded summary judgment dismissing the complaint on the ground that Dorvilier was not entitled to a declaration that he was entitled to sell the property "free and clear" of the reverse mortgage, as BANA was not a party defendant to the Lincoln foreclosure action, which, at the time, had not resulted in a foreclosure sale, and Dorvilier was not the purchaser of the property. The priority of the mortgages was not essential to the court's determination and was not necessarily decided therein. To the extent that BANA relies on this Court's decision in Dorvilier v Champion Mtge. Co. (156 AD3d 761), that reliance is misplaced. In that decision, this Court merely dismissed Champion's appeal from so much of the order entered May 13, 2015, as denied that branch of Dorvilier's motion which sought to clarify the order entered December 9, 2014, as it was not aggrieved thereby. No determination was rendered on the merits of any substantive issue, including the priority of the mortgages. Accordingly, collateral estoppel does not preclude Loubet from maintaining the instant action, and the Supreme Court properly denied that branch of BANA's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it.
On its cross motion, Loubet demonstrated, prima facie, its entitlement to judgment as a matter of law on the complaint insofar as asserted against BANA by submitting the judgment of foreclosure and sale issued in the Lincoln foreclosure action, the referee's deed transferring the property to Loubet, and the reverse mortgage, which was recorded after, and therefore was subordinate to, the Lincoln mortgage (see RPAPL 1352; Real Property Law § 291; Agility Funding, LLC v Wholey, 119 AD3d 1168, 1169-1170; 6820 Ridge Realty LLC v Goldman, 263 AD2d at 31). In opposition, BANA failed to raise a triable issue of fact.
Contrary to BANA's contention, it failed to establish that the reverse mortgage had priority over the Lincoln mortgage. "New York has a so-called 'race-notice' recording statutory scheme. In other words, in order to cut off a prior lien, such as a mortgage, the purchaser must have no knowledge of the outstanding lien and win the race to the recording office" (Goldstein v Gold, 106 AD2d 100, 101-102 [citations omitted], affd 66 NY2d 624; see Real Property Law § 291; Sharestates Invs., LLC v Hercules, 178 AD3d 1112, 1115). Here, it is undisputed that the Lincoln mortgage was recorded prior to the reverse mortgage and BANA had actual knowledge of the lien.
BANA contends that it, nonetheless, was a good faith purchaser for value. "The New York Recording Act (Real Property Law § 290 et seq.), inter alia, protects a good faith purchaser for value from an unrecorded interest in a property, provided such a purchaser's interest is first to be duly recorded" (Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d 708, 709 [emphasis omitted]; see 436 Franklin Realty, LLC v U.S. Bank N.A., 188 AD3d 960, 962). As discussed, the Lincoln mortgage was recorded prior to the reverse mortgage, which was recorded more than nine years later, and, therefore, BANA cannot be a good faith purchaser for value. Further, "[t]he status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such" (Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d at 709; see 436 Franklin Realty, LLC v U.S. Bank N.A., 188 AD3d at 962; Emigrant Bank v Drimmer, 171 AD3d 1132, 1134). Here, BANA had notice and knowledge of the Lincoln mortgage. Moreover, contrary to BANA's contention, a reasonably prudent lender would not have relied upon the faxed, unrecorded, and incomplete satisfaction of lien to conclude that its mortgage would be first in priority (see 2386 Hempstead, Inc. v 182 St., Inc., 184 AD3d 783, 784-785; Goldstein v Gold, 106 AD2d at 103). Thus, BANA failed to establish that it was a good faith purchaser for value.
Accordingly, the Supreme Court properly denied that branch of BANA's motion which was for summary judgment on its counterclaim and granted that branch of Loubet's cross [*5]motion which was for summary judgment on the complaint insofar as asserted against BANA.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court