SJWA LLC v Father Realty Corp. (2023 NY Slip Op 06104)

SJWA LLC v Father Realty Corp.

2023 NY Slip Op 06104

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Webber, J.P., Friedman, González, Kennedy, O'Neill Levy, JJ. 

Index No. 152033/19 Appeal No. 979 Case No. 2022-03115 

[*1]SJWA LLC et al., Plaintiffs-Respondents,
v
Father Realty Corp., Defendant-Appellant-Respondent, Chelsea 7 Corporation, Doing Business as "Sexy Boutique," Defendant-Respondent-Appellant, "John Doe," et al., Defendants.

Ahmuty, Demers & McManus, Albertson (Frank J. Wenick of counsel), for appellant-respondent.
Cruser, Mitchell, Novitz Sanchez, Gaston & Zimet, LLP, Farmingdale (Scott I. Gurtman of counsel), for respondent-appellant.
Benjamin W. Horowitz, New York, for respondents.

Order, Supreme Court, New York County (Carol R. Edmead, J), entered July 14, 2022, which, to the extent appealed from as limited by the briefs, denied defendants' motions for summary judgment dismissing plaintiffs' claims for depreciation of market value and punitive damages, granted plaintiffs' cross-motion for summary judgment on liability on their causes of action for trespass and private nuisance and ordered a trial on compensatory and punitive damages, and denied defendant Father Realty's motion for summary judgment on its cross-claim against defendant Chelsea 7 Corporation for contractual indemnification, unanimously modified, on the law, to grant defendants' motion for summary judgment dismissing the claims for market depreciation damages and punitive damages and to deny plaintiffs' cross-motion for partial summary judgment on their cause of action for trespass, and otherwise affirmed, without costs.
Plaintiffs assert trespass and private nuisance claims based on repeated backups of sewage in the basement of their townhouse. The property next to plaintiffs' townhouse is owned by Father Realty, which leased the top two floors of its property to defendant Chelsea 7 Corporation. According to the complaint, the backups, which occurred between November 2018 and April 2019, resulted from defendants' misuse of a shared sewage line running from defendants' property under plaintiffs' property and then to the main line in the street.
Plaintiffs made a prima facie showing of trespass by submitting evidence that there was an intentional and unauthorized entry upon their property and that they did not take the premises subject to any license. In opposition to plaintiffs' trespass claim, defendants contended that they have a license to use the pipe based on an agreement entered into in 2006 between Father Realty and the prior owner of plaintiffs' property after the pipe serving both properties was severed during construction on an abutting property. According to Father Realty, it and the prior owners agreed to share the cost of re-laying a combined sewage pipe, which was inspected and approved by New York City agencies, and Father Realty continued to use the pipe without incident until the backups that occurred in 2018. Although a license is generally revoked when the real property is conveyed (see Panama Realty Co. v City of New York, 158 App Div 726, 729 [1st Dept 1913]), the foregoing raises an issue of fact as to whether a license supported by consideration exists and was relied upon, thus potentially rendering revocation of the license inequitable (see Sabella v 927 Fifth Ave. Corp, 250 AD2d 506, 506-507 [1st Dept 1998]). Accordingly, issues of material fact exist as to whether Father Realty holds a license barring the trespass action.
However, plaintiffs established their prima facie entitlement to summary judgment on liability on their cause of action for private nuisance. The dispute between the parties centers on whether the sewage backup was [*2]intentional in origin and whether it was caused by defendants' acting or failing to act (see Copart Indus., Inc. v Consolidated Edison Co. of New York, 41 NY2d 564, 570 [1977]). As to causation, plaintiffs submitted evidence of tests and inspections that ruled out a back flow or obstruction in the line to the sewer as sources of the sewage backup, therefore meeting its prima facie burden on causation. In opposition, Father Realty submitted an expert affidavit that failed to raise an issue of fact, as the expert inspected the basement only after the line had been disconnected.
As to intent, plaintiffs submitted evidence that both defendants were put on notice of the sewage backups, at the latest, upon receipt of the January 14, 2019 cease-and-desist letter. Father Realty contends that it directed Chelsea 7 to limit or stop restroom use after receiving notice, but that direction was not sufficient given that defendants knew or should have known of the inevitable serious impact on plaintiffs' use and enjoyment of their property resulting from the sewage backups.
As to compensatory damages, the measure for damages to real property caused by trespass or private nuisance is the lesser of the decline in market value or the reasonable cost of restoration (Fisher v Qualico Contr. Corp., 98 NY2d 534, 537 [2002]). Although some cases have held that the measure of damages for a "continuing trespass" or a nuisance that causes "permanent injury" to real property is the "loss of market value, or the cost of restoration" (Arcamone-Makinano v Britton Prop., Inc., 156 AD3d 669, 672 [2d Dept 2017], lv denied, 31 NY3d 907 [2018] [internal quotation marks omitted]), plaintiffs failed to submit nonspeculative evidence of permanent injury to the property causing loss of market value, but only a speculative claim of diminution in market value due to stigma (see Behar v Friedman, 180 AD3d 671, 676 [2d Dept 2020]). As for punitive damages, the evidence supports a finding that defendants' remedial action, after receiving notice of the nature and extent of damage to plaintiffs' property, was inadequate, but this showing does not meet the strict standard for the imposition of punitive damages. Specifically, the evidence does not show that either of the defendants acted with "conscious and deliberate disregard of the interests of others" or with malicious intent, as necessary to support an award of punitive damages (Marinaccio v Town of Clarence, 20 NY3d 506, 511 [2013]).
As to Father Realty's contractual indemnification claim against Chelsea 7, Father Realty must "establish that it was free from any negligence and [may be] held liable solely by virtue of . . . statutory [or vicarious] liability" (Spielmann v 170 Broadway NYC LP, 187 AD3d 492, 494 [1st Dept 2020]). Although the lease contains an indemnity clause benefitting Father Realty, it has not sustained its burden of showing that it was not independently negligent.THIS CONSTITUTES THE DECISION AND ORDER
OF THE [*3]SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023