M-M2 Re Holdings 1, LLC v Giordano-Leonaggeo (2024 NY Slip Op 03422)

M-M2 Re Holdings 1, LLC v Giordano-Leonaggeo

2024 NY Slip Op 03422

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2021-00930
 (Index No. 50487/18)

[*1]M-M2 Re Holdings 1, LLC, respondent, 
v
Barbara Giordano-Leonaggeo, et al., appellants, et al., defendants.

Gunilla P. Perez-Faringer, White Plains, NY, for appellants.
Stenger, Diamond & Glass, LLP, Wappingers Falls, NY (Karen E. Hagstrom of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Barbara Giordano-Leonaggeo and Roger Leonaggeo appeal from a judgment of foreclosure and sale of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated December 28, 2020. The judgment of foreclosure and sale, upon an order of the same court dated November 19, 2020, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and dismissing those defendants' affirmative defenses, among other things, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In 2018, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Barbara Giordano-Leonaggeo and Roger Leonaggeo (hereinafter together the defendants). The defendants answered the complaint, asserting several affirmative defenses, including unclean hands. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and dismissing the defendants' affirmative defenses. The defendants opposed the motion. In an order dated November 19, 2020, the Supreme Court, among other things, granted those branches of the plaintiff's motion. A judgment of foreclosure and sale dated December 28, 2020, was entered, inter alia, directing the sale of the subject property. The defendants appeal from the judgment of foreclosure and sale. We affirm.
"The doctrine of unclean hands applies when the complaining party shows that the offending party is guilty of immoral, unconscionable conduct and even then only when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct" (Kopsidas v Krokos, 294 AD2d 406, 407 [internal quotation marks omitted]; see Citimortgage, Inc. v Heyman, 186 AD3d 1487, 1488-1489).
Here, the plaintiff established, prima facie, that the defendants received what they bargained for, which was funds to pay off tax arrears and to prevent the property from being sold at auction, in return for the mortgage. Indeed, following the closing of the mortgage, the defendants expressed their "deepest . . . gratitude" in an email addressed to those involved in the mortgage [*2]transaction. The defendants failed to raise a triable issue of fact in opposition. The defendants' contention that they were coerced into also selling a property adjacent to the subject property at a steeply discounted price is refuted by the record and, in any event, is related to the sale of the adjacent property, which is the subject of a separate action to quiet title. Thus, the defendants' contention that the plaintiff acted with unclean hands is not directly related to the underlying mortgage so as to warrant the denial of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and dismissing the defendants' affirmative defenses in this action (see Woori Am. Bank v Global Universal Group Ltd., 134 AD3d 699, 700-701).
Further, the defendants failed to offer an evidentiary basis to suggest that further discovery may lead to relevant evidence or that facts essential to opposing the plaintiff's motion were exclusively within the knowledge and control of the plaintiff (see 71-21 Loubet, LLC v Bank of Am., N.A., 208 AD3d 736, 740).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and dismissing the defendants' affirmative defenses.
BARROS, J.P., MILLER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court